PEOPLE ex rel. BACON v. KNOX et al., Civil Service Commissioners.

(Supreme Court, Appellate Division, First Department. April 18, 1902.)

CIVIL SERVICE—INCREASE IN SALARY—WHEN EQUIVALENT TO PROMOTION—
NECESSITY FOR EXAMINATION.

Laws 1899, c. 370, commonly called the "White Act," provides, in section 15, that an increase in the salary of any person beyond the limit fixed for the grade in which such position is classified shall be deemed a promotion. Relator was transferred from the finance department to the police department as a clerk in the fourth grade, with an annual compensation of $1,500, the maximum allowed for that position. *Held*, that his salary could not afterwards be raised above that amount without operating as a promotion within such section, rendering it necessary for him to take a civil service examination, as required by other portions of the chapter.

Appeal from special term, New York county.

Mandamus by the people, on the relation of Jeremiah I. Bacon, against Charles H. Knox and others, as civil service commissioners of the city of New York, to compel defendants to certify relator's salary at $2,500 per annum. Judgment awarding the writ, and defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGH-LIN, PATTERSON, and INGRAHAM, JJ.

William B. Crowell, for appellants.

Jacob Rouss, for relator.

HATCH, J. The relator had for several years prior to 1901 held the position of register of claims in the finance department of the city of New York, receiving, as compensation therefor, the sum of $1,400 per year. In the month of April, 1901, the relator was transferred from the finance department to the police department as a clerk in the fourth grade, as scheduled in rule 37 of the civil service rules, with an annual compensation of $1,500, that sum being the maximum compensation attached to the position. In August, 1901, the police commissioner directed that the compensation of the relator be fixed at the sum of $2,500 per annum, to take effect as of the 1st day of May, 1901, and the said police commissioner directed the necessary pay roll to be made up therefor. The relator took no examination, either competitive or otherwise, which entitled him to any promotion in the civil service of the city. The defendants refused to certify to the pay roll at the increased rate, assigning as reason therefor that such increase had the effect of a promotion, within the meaning of the provision of chapter 370 of the Laws of 1899, commonly called the "White Act," and was therefore invalid. Section 15 of the act provides as follows:

"Sec. 15. Promotion, transfer, reinstatement, reduction, vacancies in the positions in the competitive class shall be filled so far as practicable, by promotion from among persons holding positions in a lower grade in the department, office or institution in which the vacancy exists. Promotions shall be based upon merit and competition and upon the superior qualifications of the person promoted as shown by his previous service, due weight being given to seniority. For the purposes of this section an increase in the salary or other compensation of any person holding an office or position within the scope of the rules in force hereunder beyond the limit fixed for the grade in which such office or position is classified, shall be deemed a promotion. No promotion, transfer or reinstatement shall be made from a position in one class to a position in another class unless the same be specifically authorized by the state or municipal commission, nor shall a person be promoted or transferred to a position for original entrance to which there is required by this act or the rules, an examination involving essential tests or qualifications different from or higher than those required for original entrance to the position held by such person, unless he shall have passed the examination or attained a place upon the eligible list for such higher position."

Pursuant to the authority contained in the White act, the municipal civil service commission adopted rule No. 37, which provides:

"An increase in salary or other compensation of any person holding an .office or position within the scope of these rules beyond the limit fixed for

75 N.Y.S.—57

the grade in which such office or position is classified shall be deemed a promotion. Positions in the competitive class are graded according to the fixed limit of compensation."

Then follows the particular grades, specifying the character of the service and the annual compensation attached thereto. Rule 37 is nothing more than a paraphrase of a part of section 15, above quoted, so far as it assumes to embody the effect of that provision in the rule. The express language of that section is that an increase of salary or other compensation beyond the limit fixed for the grade in which the office or position is classified is deemed to be a promotion. When the relator was transferred from the finance department to a clerkship in the police department his salary was fixed at the maximum limit attached to such position, and his status in respect to salary could not thereafter be changed by the arbitrary action of the police commissioner. The only method by which his salary could be increased would be by a successful examination entitling him to promotion to another grade. It is not pretended that any such examination was ever held, or that the relator was entitled to any increase in salary, unless it was produced by the action of the police commissioner.

The learned court below based its decision upon People ex rel. Lodholz v. Knox, 58 App. Div. 541, 69 N. Y. Supp. 602, affirmed on appeal, 167 N. Y. 620, 60 N. E. 1118. An examination of that case, however, clearly shows that it is without application to the present facts. In that case the relator passed a competitive examination for the position of draughtsman, was appointed thereto, and had always performed the duties attached to such position. At the time of his appointment his salary was fixed at $1,320 per year, which was the maximum amount of salary attached to the grade below, called a "leveler," and the minimum salary attached to the grade above that of draughtsman. By reason of the fact that the salary was fixed at the maximum grade of a leveler, it was sought to sustain the claim that it was the salary which fixed the status of the relator, and not the position to which he was appointed. The court held that, as he had never performed the duties of a leveler, but was appointed as, and had always performed the duties of a draughtsman, it was the position whose duties he performed that fixed his status, and not the salary attached thereto, and, as the maximum amount of increase did not exceed that provided as the maximum compensation for the position of draughtsman, such increase was a valid exercise of power, and was not a promotion, as it was authorized for the grade of work which the relator performed. Had the increase of salary in that case exceeded $1,800, we would have the question presented which is found in the present case. Here the relator, at the time of his appointment, received the maximum amount of salary authorized to be paid for services in the position to which he was appointed. Consequently, his salary could not be raised except it operated as a promotion, pursuant to the provision of the civil service law and rules. As we have already seen, such result could not be accomplished unless the relator passed a civil service examination, entitling him thereto. The Lodholz Case clearly recog-

nizes this rule, and, instead of being an authority in favor of the relator, it is opposed to his contention. The application was for a peremptory writ, which was granted. Under such circumstances the answer made by the defendant must be taken as true. So regarding it, it is made clear that the relator's salary was raised in disregard of the civil service law and rules, in consequence of which the defendants were clearly right in refusing to certify the pay roll.

It follows that the order should be reversed, with $50 costs and disbursements, and the motion denied, with $10 costs. All concur.