PEOPLE ex rel. HOLLERAN v. CREELMAN et al.

PEOPLE ex rel. FAITEUTE v. SAME.

(Supreme Court, Appellate Division, First Department. December 1, 1911.)

MUNICIPAL CORPORATIONS (§ 217*)—CIVIL SERVICE—"PROMOTION."

An increase, from $2,000 to $2,400, of the annual salary of an assistant engineer to the board of water supply of New York City, attempted to be made by such board, constituted a "promotion," in violation of Civil Service Law (Laws 1909, c. 15 [Consol. Laws 1909, c. 7] § 16; it appearing that the board intended a promotion from one grade to another, and did not exercise its power under Laws 1905, c. 724, to fix his compensation.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 576–580; Dec. Dig. § 217.*

For other definitions, see Words and Phrases, vol. 6, p. 5683; vol. 8, p. 7767.]

Appeal from Special Term, New York County.

Consolidated applications by the People of the State of New York, on relation of Leslie G. Holleran and on relation of Frederick Faiteute, for mandamus against James Creelman and others, as the Municipal Civil Service Commission of the City of New York. From orders of the Special Term (130 N. Y. Supp. 1052) directing a peremptory writ, defendants appeal. Reversed, and motions denied.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Clarence L. Barber, for appellants.

L. Laflin Kellogg, for respondent.

MILLER, J. Prior to October 15, 1906, the relator took a competitive civil service examination for the position of assistant engineer to the board of water supply, pursuant to a public notice, stating that the salary was $1,350 per annum. He was successful, and was appointed to the position at a salary of $1,350. On September 21, 1909, the salary was increased to the sum of $2,000. He claims that, on February 21, 1911, the board of water supply increased his salary to $2,400 per annum, to take effect March 1, 1911. The defendants, who constitute the municipal civil service commission, have refused to certify the relator's name on the pay roll, at the increased salary, and this proceeding was instituted to compel them to do so.

The question is whether the increase of salary constitutes a promotion. The board of water supply was created pursuant to chapter 724 of the Laws of 1905, which by section 1 provided that they should have power to select and appoint "a secretary, and such engineers, surveyors, draftsmen, stenographers, clerks and employés as may be

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

necessary, and to fix their compensation." If the board of water supply, pursuant to express statutory authority, had fixed the relator's salary at $2,400, it might be urged with much force that that act did not constitute a promotion, within the meaning of the civil service law and rules. However, it quite plainly appears from this record that, prior to the attempted increase of the relator's salary, the board of water supply had fixed the salaries of their appointees according to grades, and that the action relied upon by the relator was intended by the board itself as a promotion, and not merely as an exercise of the power conferred upon them by statute to fix salaries. The only evidence in the record on that head is a letter of the board by its secretary to the relator in these words:

"Dear Sir: At a meeting of the board of water supply, held on January 21, 1911, you were promoted from the position of assistant engineer, grade B, to the position of assistant engineer, grade A, with salary at the rate of $2,400 per annum, to take effect March 1, 1911."

The amended classification adopted by the municipal civil service commission on November 10, 1909, graded the positions in the engineer's service according to the distinctive character of the work called for by the position, and also according to salary. The first classification included grades 1 to 6, from the position of axeman and heliotroper to that of deputy chief engineer and chief engineer. The position of assistant engineer was in grade 4. The classification according to salary was in grades A, B, C, D, and E, from $300 to $2,400, annually; grade D being $1,800. Section 16 of the civil service law (chapter 15, Laws of 1909 [Consol. Laws 1909, c. 7]), relating to promotion, transfer, reinstatement, or reduction, contains this provision:

"For the purposes of this section, an increase in the salary or other compensation of any person holding an office or position within the scope of the rules in force hereunder beyond the limit fixed for the grade in which such office or position is classified, shall be deemed a promotion."

The respondent relies upon People ex rel. Lodholz v. Knox, 58 App. Div. 541, 69 N. Y. Supp. 602, affirmed 167 N. Y. 620, 60 N. E. 1118. The salary of the relator in that case was merely increased from the minimum to the maximum permitted by the classification of the civil service commission for the grade of the position held by him. He was not promoted from one grade to another, but was allowed the maximum salary of his grade, and therefore the decision in that case does not apply to a case where an increase is beyond the maximum fixed for a given grade or position, as was plainly pointed out by Mr. Justice Hatch in People ex rel. Bacon v. Knox, 71 App. Div. 306, 75 N. Y. Supp. 896.

The question would be different if the relator's position had not been graded. People ex rel. Stokes v. Tully, 108 App. Div. 345, 95 N. Y. Supp. 916, 1153. Apparently the board of water supply established a classification of its own, as its grade A does not correspond with grade A of the classification of the municipal civil service commission. But, however that may be, the only evidence in the record, showing what action was taken by the said board, plainly indicates

that it recognized the position of the relator as being in a distinct grade, and that it intended to promote him to a position in a higher grade, namely, from the position of assistant engineer, grade B, to the position of assistant engineer, grade A. To hold that such a promotion could be made, regardless of the civil service law and rules, would be equivalent to holding that positions in that department were not subject to the said law and rules, and we find nothing in the statute to warrant such a conclusion.

The order should be reversed, with $10 costs and disbursements, and the motion denied, with $50 costs. All concur.