THE PEOPLE OF THE STATE OF NEW YORK ex rel. HENRY BENNETT MACHEN, Respondent, v. NICHOLAS J. HAYES, as Commissioner of Water Supply, Gas and Electricity of the City of New York, Appellant. — Order affirmed, with ten dollars costs and disbursements. No opinion. Present — Clarke, P. J., Laughlin, Dowling, Smith and Page, JJ.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. CHARLES G. KEHOE, Respondent, v. JOHN P. LEO, as Commissioner of Street Cleaning of the City of New York, Appellant.— Order affirmed, with ten dollars costs and disbursements. No opinion. Present — Clarke, P. J., Laughlin, Dowling, Smith and Page, JJ.

HARRY BINENKORB, Respondent, v. PHILIP SCHOCHET and Another, Appellants.— Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. No opinion. Present — Clarke, P. J., Laughlin, Dowling, Smith and Page, JJ.

In the Matter of the Application of FRANCES BOYE, Appellant, for a Peremptory Writ of Mandamus against STEPHEN COLLINS, Clerk of the Municipal Court of the City of New York, Borough of Bronx, First District, Respondent.— Order affirmed, with ten dollars costs and disbursements. No opinion. Present — Clarke, P. J., Laughlin, Dowling, Smith and Page, JJ.

BRUCE REYNOLDS, Respondent, v. COWEN COMPANY, Appellant.— Order reversed, with ten dollars costs and disbursements, and motion to increase security to the sum of $750 granted. No opinion. Settle order on notice. Present — Clarke, P. J., Laughlin, Dowling, Smith and Page, JJ.

## SECOND DEPARTMENT, NOVEMBER, 1921.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ABRAHAM I. STARK, Appellant.

Appeal from a judgment of conviction rendered on the 23d day of November, 1920, by the Court of Special Sessions, Municipal Term, Part II.

Judgment of conviction of the Court of Special Sessions, Municipal Term, Part II, affirmed. No opinion. Blackmar, P. J., Mills, Putnam and Manning, JJ., concur.

KELLY, J. (dissenting): I dissent and vote to reverse the judgment of conviction and for a new trial upon the ground that there was no evidence of a contract by the defendant to furnish heat to the tenants. In my opinion the provision of the Sanitary Code, section 225,* that the mere presence in the premises of a furnace, boiler or apparatus is evidence of such contract, is unconstitutional, unreasonable and insufficient to justify conviction of a crime.

CENTRAL UNION TRUST COMPANY OF NEW YORK, as Trustee of the First

* See Code of Ordinances of City of New York, chap. 20, § 225.— [REP.