In the Matter of the Application of Joseph M. Ryan and Another, Respondents, for a Peremptory Mandamus Order against Abraham Kaplan and Others, as Commissioners of Civil Service, and Composing the Municipal Civil Service Commission of the City of New York, Appellants.

First Department, May 1, 1925.

**Civil service — city of New York — promotion in administrative department of board of education — petitioners under schedules and schedule conditions filed with board of education pursuant to Education Law, § 883, as amended by Laws of 1920, chapter 680, received advances in salaries bringing them higher than maximum of civil service grade — said statute does not authorize advancement from lower to higher grade without promotion examinations.**

The petitioners, who are classified civil service employees in the administrative work of the board of education of the city of New York are not entitled to receive a salary payable only to employees within grade 5 of the municipal civil service commission's rules, before they have been promoted from grade 4 after a regular competitive examination for promotion in accordance with the rules of the commission, notwithstanding that certain salary schedules and schedule conditions prepared by the board of education pursuant to section 883 of the Education Law, as amended by chapter 680 of the Laws of 1920, provided for an annual increase in salary of the petitioners, and that the salary now demanded by the petitioners, which is higher than the maximum of the fourth grade of the civil service is the result of the annual increment provided for in the salary schedules.

It was not the intention of the Legislature in amending section 883 of the Education Law, to take the petitioners and others of their class out of the operation of the Civil Service Law. The Civil Service Law must be observed in making promotions, and, therefore, the petitioners are not entitled to the salary of the fifth grade until they have passed the promotion examination provided by the municipal civil service commission for advancement from the fourth to the fifth grade and have been properly promoted.

Appeal by the defendants, Abraham Kaplan and others, from a peremptory mandamus order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 9th day of December, 1924, commanding the defendants to certify the salaries of the petitioners upon the payrolls of the board of education of the city of New York at the rates fixed in the schedule and schedule conditions adopted by the said board of education June 16, 1920, as amended July 30, 1920, to wit, at the rate of $2,820 per annum.

*George P. Nicholson, Corporation Counsel [Elliot S. Benedict, Assistant Corporation Counsel, of counsel; John F. O'Brien and Thomas W. A. Crowe, Assistants Corporation Counsel, with him on the brief], for the appellants.*

*Robert L. Luce,* for the respondents.

*H. Eliot Kaplan [John K. Clark* of counsel], for the Civil Service Reform Association, as *amicus curiæ.*

McAVOY, J.:

The petitioners were appointed to clerical positions in the department of education on or prior to July 16, 1900, from eligible lists established by the municipal civil service commission as the result of open competitive examinations conducted by said commission, Ryan as a junior clerk and Sullivan as an office boy. Thereafter, from time to time petitioners were promoted to positions of higher grade in the clerical group of the competitive class of the classified civil service in said department, and their salaries were increased subject to, and always in form and manner required by the Civil Service Law of the State of New York until January 1, 1922.

On and since January 1, 1920, all positions in the clerical service of the city of New York have been graded, based upon the amount of annual compensation or the equivalent attaching to each grade.

Petitioners were in grade 4 of the Civil Service Commission's rules at a salary of $2,160 prior to the enactment of the Legislature, hereinafter described.

Pursuant to chapter 680 of the Laws of 1920 — the so-termed Lockwood-Donohue Bill — the board of education of the city of New York adopted on June 16, 1920, certain salary schedules and schedule conditions to become effective on and after August 1, 1920, fixing the compensation of all members of the teaching, supervising and clerical staffs of the board of education. In the clerical service provision was made for six schedules or grades with conditionally automatic salary increases within each grade (except the highest) for each year of service therein.

By reason of the adoption of these schedules the petitioner Ryan was classified under a schedule known as 2-d at a salary for the first year in such schedule of $2,470 per annum and the petitioner Sullivan under Schedule 2-c at a salary for the third year in said schedule of $1,950 per annum, but by readjustment of his salary the petitioner Sullivan's position was classified on July 30, 1920, in Schedule 2-d at a salary for the first year in said schedule of $2,470 per annum. Thereafter both petitioners received the yearly increase in salary within such schedule or grade upon receipt of a certificate of the personnel board that their work was " above standard."

Upon the increase of the salaries of the petitioners to $2,820 per annum, commencing January 1, 1922, and other similar increases, conferences were had between the department of education and

the municipal civil service commission, as a result of which, pending the decision of the commission as to the holding of promotion examinations where such increases in salary carried the employees receiving the same from a lower to a higher salary grade as fixed by the commission, the municipal civil service commission temporarily approved of the petitioners' increases in salary on what is known as a special certificate, which was concededly provisional only.

Thereafter and on January 23, 1924, the municipal civil service commission decided that it would no longer certify the payrolls of employees of the board of education situated as were the petitioners, among others, as having complied with the requirements of the Civil Service Law and the rules of the commission and instructed its chief examiner to proceed with the holding of promotion examinations for all such employees of the board of education. On or about January 28, 1924, the board of education was notified of this determination of the civil service commission and of their intention with respect to the further certification of payrolls of employees of the board of education situated similarly to petitioners.

It appears that appropriations have been made in the annual budget of the city of New York for the year 1924 for salaries of the petitioners at the rate of $2,820 per annum each and that their duties in their respective positions have not changed since the year 1913 in the case of Ryan, and since 1916 in the case of Sullivan, except in respect to an increase in the extent of their respective duties.

In April, 1924, the petitioners commenced an injunction proceeding to compel the respondents to certify their salaries at the rate of $2,820 each. This proceeding was dismissed by the court upon the ground that the plaintiffs therein (now petitioners) had a statutory remedy by mandamus.

Thereafter, and on July 1, 1924, petitioners commenced this proceeding by means of an order to show cause and a petition, wherein a court order was prayed for " requiring the said respondents as Civil Service Commissioners and members of the Municipal Civil Service in the city of New York to certify salaries of these petitioners and each of them and of the other employees of the Board of Education similarly situated upon the payrolls of the Board of Education at the rates fixed in the Schedule and Schedule Conditions adopted by the Board of Education June 16, 1920, as amended July 30, 1920, to wit, at the rate of $2,820 per annum, and for such other and further relief as to the Court may seem proper." The order now here granted the prayer of the petition.

It would appear axiomatic that the municipal civil service commission cannot be compelled to affix its certificate to payrolls containing the names of the petitioners if they have not been promoted in accordance with the provisions of the Civil Service Law and rules of said commission. If some other statute clearly exempts them from such provisions, they do not need the certificate of the commission in order to receive their salaries.

It is admitted that the salaries of the petitioners have been fixed by the board of education at an amount in excess of the maximum salary for the grade of position under the civil service rules of the municipal civil service commission. The civil service commission has refused to certify payrolls of such employees because such increases beyond grade constituted a promotion, and to pay them such increased salary would be in violation of the Civil Service Law. The salaries of the respondents have been fixed by the board of education at $2,820. The maximum salary for the fourth grade (the position held by respondents) under the civil service commission's rules, is $2,160. The fixing of the salary by the board of education at $2,820 constituted a promotion to the fifth grade under the municipal civil service commission's rules. The commission's contention is that in order that the employees may receive the salary in excess of the maximum for the fourth grade they must successfully pass a competitive promotion examination.

The respondents' claim is that the Lockwood-Donohue Law (Laws of 1920, chap. 680) took away from the civil service commission the power to establish grades for the employees of the board of education, and that the fixing of respondents' salaries in excess of the civil service commission's grade by the board of education was not a promotion over which the municipal commission had jurisdiction. We cannot agree that the legislative direction in the act accomplishes this change of authority over promotions in the administrative staff.

Chapter 680 of the Laws of 1920 vested in the board of education the power to fix salaries of employees of the teaching and administrative staffs of the board of education and took such power out of the hands of the board of aldermen upon the recommendation of the board of estimate and apportionment under section 56 of the Greater New York charter (Laws of 1901, chap. 466, as amd. by Laws of 1902, chap. 435), which board had such power prior to the adoption of the Lockwood-Donohue Law. The primary purpose of that law was to transfer the salary-fixing power from the board of aldermen as recommended by the board of estimate and apportionment to the board of education and nowhere in the

act is there justification for the contention that promotions in the department of education may be made without regard to the provisions of the Civil Service Law.

We do not think that the jurisdiction of the municipal civil service commission over administrative employees of the board of education is impaired or modified by the enactment of chapter 680 of the Laws of 1920, because no intimation of an intent to curtail such jurisdiction is apparent in the terms of the act.

Section 883 of the Education Law (added by Laws of 1919, chap. 645), as amended by chapter 680 of the Laws of 1920, reads in part, as follows: " The board of education of such city [New York city] * * * shall also fix the compensation or salaries of all other members of the teaching and supervising staffs and of other employees of the board of education, whether on a per annum or on a non-per annum basis, including, in addition to those falling within the foregoing schedules, the superintendent of schools, all associate, district or other superintendents, members of the board of examiners, assistant examiners, directors, assistant directors, inspectors, supervisors, special instructors, special teachers, administrative assistants, clerical assistants, librarians, attendance officers, secretaries, auditors, *clerks*, teacher clerks and all officers and employees of said board of education, notwithstanding any provision to the contrary contained in the charter of such city or in any act relating to such city or in any general, special or local act."

Chapter 680 of the Laws of 1920 provides primarily for increases in salaries for the members of the teaching staff, supervisors, directors, examiners and all other administrative employees of the board of education. It provides for new schedules of salaries, and salary increments for such employees. It also provides that the board of education shall fix the compensation and salaries of all the employees of the board of education and provides for increases in their salaries to take effect August 1, 1920.

To determine the meaning and intent of this section of the newly-enacted law, we must take into consideration the motive of the Legislature for its enactment.

It seems apparent that the Legislature intended by the language in the act quoted that there should be no limitation on the power of the board of education to fix such salaries as they may see fit, and to prevent the fiscal authorities of the city from reviewing or interfering with any such action of the board of education.

Under the provisions of the Civil Service Law, the civil service commission has no jurisdiction over the teaching staff. The promotions in that branch of the service are governed by the Education Law. The Education Law provides for a system of

promotions for teachers, principals and others not in the administrative division. The Legislature has provided for a system of examination by the civil service commission for entrance into the service of the administrative division. Thereafter the jurisdiction of the commission does not cease under any provision of law. The board of education is not given authority by the quoted section of the act to conduct its own promotion examinations. If the Legislature had intended to create such a new system of regulating promotion in the board of education, it would doubtless have used specific language to accomplish that result. For example, when the Legislature provided for the appointment of attendance officers of the board of education, it took from the civil service commission the power to examine such employees and placed it in the board of examiners of the board of education. (Laws of 1920, chap. 612, adding to Education Law, § 871-a.)*

If, as the learned court at Special Term says (N. Y. L. J. Nov. 11, 1924), the civil service commission may hold promotion examinations only where the salary of the position is beyond the grade fixed by the board of education itself, then the board of education may, for all practical purposes, ignore or evade the provisions of the Civil Service Law. The board of education could, from year to year, advance the minima and maxima of salaries, and may regrade positions and change the salary schedules so as to avoid the necessity of holding promotion examinations. The positions concerned herein are similar to many positions in other branches of the city service, and it is not likely that the Legislature would require a co-ordinate system of promotions for all other departments in the city of New York, and permit an arbitrary method of promotions in the department of education.

It is urged that the following provision of the act (Laws of 1920, chap. 680, amdg. said § 883) warrants the conclusion reached at Special Term: " Any provision in any schedule or schedule condition which postpones the full operation of said schedules beyond the first day of August, nineteen hundred and twenty, shall be of no effect and any provision of law which authorizes such postponement beyond the first day of August, nineteen hundred and twenty, is hereby repealed and the compensation, salaries and salary increments in the schedules to be adopted pursuant to the provisions of this act shall become fully operative and shall be paid on and after said first day of August, nineteen hundred and twenty, subject, however, to provisions of law relating to approval of service as satisfactory."

---

* Since amd. by Laws of 1924, chap. 605.— [REP.

The language of this section of the act quoted above does not indicate that the provisions of the Civil Service Law and rules were intended to be repealed. On the contrary, the last clause, quoted above, "subject, however, to provisions of law relating to approval of service as satisfactory," indicates that the Legislature did not intend to interfere with the merit system provisions in the Civil Service Law. The qualifications required by the civil service commission for a clerk with a maximum salary of $2,160 and the examination required to be passed by such clerk, may not be deemed sufficient for a clerk holding a position where the maximum salary is $2,820 or higher. In any case, the Civil Service Law and rules did not, and do not now, in any manner interfere with or postpone the full operation of the schedules adopted by the board of education. The board of education fixes the salary schedule for positions and the civil service commission must determine whether or not the person seeking the position at the salary so fixed is qualified to fill such position satisfactorily. The salary schedules adopted by the board of education remain in full force and operation for all employees who successfully qualify. The only purpose of the provision quoted above is to repeal any provision of law which might conflict with the power of the board of education to adopt salary schedules or prevent their taking effect on August 1, 1920. For example, it repealed the old provision in the Greater New York charter (§ 56, as amd. *supra*) which required the board of aldermen on the recommendation of the board of estimate and apportionment of the city of New York to first approve such schedules.

The amending act does not modify or purport to modify, in any respect, the provisions of the Civil Service Law. Section 9 of the Civil Service Law provides that the civil service of the State and of each of its civil divisions and cities shall be divided into the unclassified service and the classified service. The unclassified service includes, among others, "persons employed in or who seek to enter the public service as superintendents, principals or teachers in a public school or academy or in a State normal school or college." The classified service comprises all positions not included in the unclassified service. Under this section all persons under the jurisdiction of the board of education, except superintendents, principals or teachers, have been included in the classified civil service administered by the municipal civil service commission.

Section 11 of the Civil Service Law (as amd. by Laws of 1923, chap. 177) requires the mayor of each city in the State to appoint a commission "to prescribe, amend and enforce rules for the classification of the offices, places and employments in the classified serv-

ice of said city, and for appointments and promotions therein and examinations therefor."

The civil service commission has nothing to do, and never has had anything to do, with the fixing of compensation or salaries of employees of the board of education, nor of any other department. Heretofore the compensation and salaries of the persons under the jurisdiction of the board of education, other than those of the teaching and supervising staffs, have been fixed by the board of aldermen on the recommendation of the board of estimate and apportionment. The power to fix such compensation or salaries now vests in the board of education by chapter 680 of the Laws of 1920.

Heretofore, under the former jurisdiction, when salaries of the administrative staff were from time to time increased beyond the civil service commission's grades, such employees were required to pass the necessary promotion examinations. Nothing is prescribed which indicates a change in the method of promotion now.

There is no doubt that an increase in salary beyond the maximum of the grade of the position is a promotion and a competitive promotion examination is necessary wherever practicable.

Section 16 of the Civil Service Law (as amd. by Laws of 1923, chap. 876) deals with promotion examinations and provides that " for the purposes of this section an increase in the salary or other compensation of any person holding an office or position within the scope of the rules in force hereunder beyond the limit fixed for the grade in which such office or position is classified, shall be deemed a promotion." The purpose of this provision in the law was to prevent appointing officers and fiscal authorities from evading promotion examinations through the means of increasing the salaries of favored employees beyond the maximum of the grade fixed for the position.

There is a clear distinction between the power of the board of education to fix salaries for the positions and the right of an employee to receive such salary without demonstrating his capacity and qualification to assume the responsibility of a position in a higher grade. The power of the board of education to fix the maximum salaries of positions is undoubted, but if such maximum is in excess of the maximum for the grade of position in the city service generally, as fixed by the civil service commission, the employees seeking such increase in salary must qualify in a promotion examination. The salary schedules for the administrative positions of the department of education apply to such positions and not necessarily to the employees in the department. If the individuals wish to receive

higher salaries as fixed by the board of education schedules they must show their qualification and fitness for such positions as provided in the Civil Service Law and rules. If we assume the contention of the respondents that the board of education fixes the salaries of the individuals and not necessarily of the positions, then there is no control or restriction on the board of education in assigning employees to positions for which they have never qualified, because the control over such a situation could only be exercised through the agency of the civil service commission which is required to certify the payrolls of the employees. (See Civ. Serv. Law, § 19; Id. § 20, as amd. by Laws of 1914, chap. 67.)

It appears from a companion case (*People ex rel. Holleran* v. *Creelman,* 148 App. Div. 121) that in the case of *People ex rel. Faiteute* v. *Creelman* (148 App. Div. 890; affd., 205 N. Y. 589) a similar contention was made by the employees of the water supply board. Chapter 724 of the Laws of 1905 empowered the board of water supply to fix the salaries of its employees. The court held that an increase in the salary beyond the maximum of the grade for the position fixed by the civil service commission could not be made. The language of the court, per Mr. Justice MILLER in *People ex rel. Holleran* v. *Creelman* (*supra*) was: " To hold that such a promotion could be made regardless of the Civil Service Law and Rules, would be equivalent to holding that positions in that department were not subject to the said law and rules [Civil Service Law and Rules], and we find nothing in the statute to warrant such a conclusion."

In the case of *O'Malley* v. *Board of Education* (160 App. Div. 261), which is quite similar to the case now presented, Mr. Justice CLARKE (now presiding justice) said: " I am of the opinion that the proposition is unassailable that the fixation of a salary at an amount appropriate to a higher grade than the one in which the officer is at the time constitutes a promotion and requires an examination. This is thoroughly established in *People ex rel. Stokes* v. *Tully* (108 App. Div. 345). In that case the court said: ' It remains to consider the question in the light of the Civil Service Law. If the increase of salary amounts to a promotion, then there must be a compliance with that law, by taking a further competitive examination before the erstwhile incumbent becomes legally entitled to the increase. While the civil service rules merely establish a classification and do not fix or control salaries [citing cases], every question of an increase of salary must be considered with regard to section 15 of the Civil Service Law †   *   *   *

___

† Now Civ. Serv. Law, § 16, as amd.—[REP.

**140** Sherman & Sons Co. *v.* Princess Shirt Waist Mfg. Co.

First Department, May, 1925. [Vol. 213

which requires that promotions shall be based on merit and competition and that for the purposes of the section "an increase in the salary or other compensation of any person holding an office or position within the scope of the rules in force hereunder beyond the limit fixed for the grade in which such office or position is classified shall be deemed a promotion."'"

We think that the act (Laws of 1920, chap. 680) does not change the law in this respect, and that the order of the court below should be reversed, with ten dollars costs and disbursements, and the application of the respondents for a mandamus order should be denied, with fifty dollars costs.

Clarke, P. J., Dowling, Finch and Martin, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with fifty dollars costs.