*Henry S. Miller* for appellant.

*George P. Nicholson, Corporation Counsel* (*John F. O'Brien, Willard S. Allen* and *William T. Kennedy* of counsel), for respondents.

Order affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

In the Matter of the Application of JOSEPH M. RYAN et al., Appellants, *v.* ABRAHAM KAPLAN ét al., Composing the Municipal Civil Service Commission of the City of New York, Respondents.

*New York city — civil service — board of education — jurisdiction of civil service commission to establish grades for employees of board of education not changed by chapter 680 of Laws of 1920.*

*Matter of Ryan* v. *Kaplan*, 213 App. Div. 131, affirmed.

(Argued June 2, 1925; decided July 15, 1925.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered May 1, 1925, which reversed an order of Special Term granting a motion for a peremptory order of mandamus to compel the municipal civil service commission of the city of New York to certify the salaries of the petitioners and other employees of the board of education of the city of New York at the rates fixed in the schedule adopted by said board of education June 16, 1920, and amended July 30, 1920. The civil service commission refused to certify salaries at the rates fixed on the ground that they were in excess of the maximum fixed for the grade of position under its rules. The petitioners contended that the Lockwood-Donohue Law (L. 1920, ch. 680) took away from the civil service commission the power to establish grades for the employees of the board of education, and that the fixing of respondents' salaries in excess of the civil service commission's grade by the board of education was not a promotion over which the municipal commission had jurisdiction. The Appellate Division held that the statute made no change in the Civil Service Law or

in respect to the jurisdiction of the civil service commission.

*John E. O'Brien* and *Robert L. Luce* for appellants.

*George P. Nicholson, Corporation Counsel (John F. O'Brien, Elliot S. Benedict* and *Thomas W. A. Crowe* of counsel), for respondents.

Order affirmed, with costs, on opinion of McAvoy, J., below.

Concur: Hiscock, Ch. J., Cardozo, McLaughlin, Crane, Andrews and Lehman, JJ. Not voting: Pound, J.

---

Catherine M. Smith, as Administratrix of the Estate of John C. Smith, Deceased, Respondent, *v.* George H. Earle, Jr., et al., Defendants, and Walter J. Salmon, Appellant.

*Pleading — when complaint states cause of action against majority stockholder of corporation, lessee of building, for death of workman through collapse of building during alteration.*

*Smith* v. *Earle*, 209 App. Div. 503, affirmed.

(Submitted June 2, 1925; decided July 15, 1925.)

Appeal, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered June 6, 1924, which reversed an order of Special Term granting a motion for a dismissal of the complaint as to defendant, appellant, herein under rule 106 of the Rules of Civil Practice. The action was to recover for the death of plaintiff's intestate, alleged to have been caused by the wrongful act, neglect and default of the defendants, and each of them, resulting in the collapse of the Strathmore Building, located on the northeast corner of Broadway and Fifty-second street, New York city, while intestate was lawfully at work therein and defendants were engaged in converting the structure from a tenement to a non-tenement building. The motion was made upon the ground that it appeared upon the face of the complaint that defendant, appellant, was neither the owner nor the lessee of the Strathmore Building, but