In the Matter of the Application of WILFRED E. SMITH and Others, Petitioners, for a Mandamus Order against FREDERICK STUART GREENE, Superintendent of Public Works, and Others, Defendants.

Supreme Court, Albany County, October 21, 1935.

*John T. DeGraff*, for the petitioners.

*John J. Bennett, Jr., Attorney-General* [*Patrick H. Clune, Assistant Attorney-General*], for the defendants.

LAWRENCE, J. The petitioners were suspended from their positions in the Architect's Division of the Department of Public Works of the State on May 31, 1932.

This proceeding seeks their reinstatement to the end that their salaries for certain periods may be paid to them. The positions held by them were filled by others and it is claimed by the petitioners that the action in filling the positions previously held by them was improper and illegal under the provisions of the Civil Service Law.

Under the provisions of section 42 of the Civil Service Law State employees are classified by grades. Grade 5 includes persons receiving salaries from $2,100 to $2,640. Grade 6 includes persons receiving salaries from $2,640 to $3,240. At the time of their suspension the petitioners were all in the fifth grade, with salaries from $2,100 to $2,640. When they were suspended their names were placed on a preferred list for reinstatement. At the time of the suspension

of the petitioners fourteen persons were employed in the fifth grade; six were retained as having a longer service. Petitioners were the next six in order of length of service. Two others were suspended whose length of service was less than petitioners' and whose status is not material here. One month after the suspension of petitioners six persons from grade 6 were appointed to fill the positions previously held by the petitioners, and at salaries within the fifth grade. They had been in the State service a longer time than the petitioners but were in a different grade.

The State authorities take the position that because of lack of appropriations and also because of lack of work, it became necessary, in the interest of economy and to keep within the limits of appropriations, to curtail the activities of various departments by a reclassification and a reduction of the number of State employees. They state that this was accomplished within the authority of the law and that the employees were suspended with due regard to their seniority rights. The State authorities claim a greater freedom of action by the head of the Department of Public Works than is possessed by the heads of other departments. It would seem, however, that the Department of Public Works, as well as other departments, is subject to the provisions of the Civil Service Law.

Apparently the titles of employees in grades 5, 6 and 7 were changed on July 1, 1932, without change in duties. It is not questioned that the head of any department may change salaries within any grade of State employees for lack of work or of appropriation within the limits fixed for such grade; but it is contended that as persons in one grade cannot be promoted to another grade without examination, by the same token a person cannot be demoted to a lower grade and to a lower salary in the lower grade and thus be retained in service to the exclusion and suspension of persons in such lower grade who would otherwise be entitled to retain their positions in such grade.

It appears that sufficient appropriation was available to pay twelve architects in grade 5 at the time of the suspension of the petitioners, and that fact is borne out by the employment of six employees in grade 6, who were substituted for petitioners. The fact that these six persons were employed in grade 5 also shows that there was no lack of work for that grade, so that the question arises whether persons in one grade can be retired to make room for persons in a higher grade at the salary of the lower grade, or whether the authority of the head of any department extends only to changes within the grade. It seems to me that to extend the authority to change and make substitutions outside the grade would destroy the purpose sought to be accomplished by the provisions of the Civil

Service Law. The effect of such practice, as already suggested, would be to remove petitioners from their positions, where there was work to do and funds available to pay for such work, in order to make room for persons in other grades.

The Attorney-General asserts that the positions of the petitioners were abolished on May 31, 1932, and have never been re-established, and that no one has been appointed or transferred to such positions. It seems to me that that is just what was done under the guise of retaining men in service whose period of service had been greater. The work performed by the persons in grade 5 was continued and substantially the same number of persons were employed as before.

It is true that the head of the Department of Public Works, because of reduced appropriations, was confronted with a difficult task. He did not act capriciously. No such charge is made. While he had the right to curtail expenses and activities to meet existing conditions, he was nevertheless bound to exercise that right and perform that duty within the limits set by the law. A civil service employee has no vested right to his position, but it seems to me that when he has been appointed to do a certain class of work and does it acceptably, he has the right to retain that position so long as such work continues and funds are available to pay for it.

The Attorney-General contends that, as the action of the Superintendent of Public Works was not unreasonable or arbitrary, it should stand. It does not seem to me that such question is involved here, but rather that the issue here is one dealing with the limitations of the Superintendent under the law.

An examination of papers submitted shows that the men who replaced petitioners had greater seniority in the service than these petitioners. It also appears that men were retained in grade 6 with less seniority than petitioners. While the question of suspensions in grade 6 is not before the court, it would seem that men with less seniority in grade 6 should have been suspended rather than have been allowed to remain in the service and others in grade 6 be demoted to grade 5 to replace petitioners. Each grade in the department here is a separate entity for the purpose of suspension and reinstatement, and seniority rights should only be considered within such grade.

It is, therefore, held that petitioners were improperly suspended on May 31, 1932, and that they should receive their salaries from that date to the time when they would have been properly suspended, less the amount earned by them during such period.

Findings proposed by the petitioners are signed and an award of fifty dollars costs is directed.