In the Matter of the Application of WILFRED E. SMITH and Others, Respondents, for a Mandamus Order against FREDERICK STUART GREENE, Superintendent of Public Works of the State of New York, and Others, Appellants.

Third Department, May 6, 1936.

*John J. Bennett, Jr., Attorney-General [Henry Epstein, Solicitor General,* and *Patrick H. Clune, Assistant Attorney-General,* of counsel], for the appellants.

*John T. DeGraff,* for the respondents.

HEFFERNAN, J. In this proceeding appellants are reviewing a peremptory order of mandamus which directs the reinstatement of petitioners, with pay, in their positions in the Division of Architecture of the Department of Public Works.

Petitioners were suspended on May 31, 1932, on the ground that reduced appropriations required the abolition of their positions and the discontinuance of their services. The learned justice at Special Term, after a trial of the issues raised by a return to an alternative mandamus order, ordered their reinstatement on the ground that there was in fact ample appropriation to pay their salaries and that their positions were not in fact abolished but were

filled by other employees following such suspension. (See 156 Misc. 833.)

Much of the discussion in the briefs is irrelevant to the question involved. No issue is presented with reference to the power of the head of a department to abolish positions in the interest of economy, nor does this proceeding involve the review of a discretionary act of a State official. The only question for determination here, it seems to us, is whether a competitive civil service employee can be suspended from his position and his place given to another.

In the Division of Architecture there are architects in three grades, viz., grade 5, salary $2,101 to $2,640; grade 6, salary $2,641 to $3,240; grade 7, salary over $3,240.

The distinction between the different salary grades is of the utmost significance. An employee in grade 5, for example, cannot be paid in excess of $2,640 unless he passes a competitive promotion examination and obtains appointment to grade 6. (*Matter of Ryan* v. *Kaplan*, 213 App. Div. 131; affd., 240 N. Y. 690.) A reduction in his salary below $2,101 virtually constitutes a removal from his position. Within the limits of the grade the head of a department has discretion to increase or reduce salaries. (*Thoma* v. *City of New York*, 263 N. Y. 402.) Seniority rights under the Civil Service Law are based solely on the relative dates of original appointment of employees in the same grade. (*Matter of Skrocki* v. *Greene*, 242 App. Div. 226.)

Prior to May 31, 1932, fourteen persons were employed as architectural draftsmen, grade 5, at salaries totaling $33,642 yearly. On the latter date eight of these persons, including the six petitioners, were suspended for lack of funds, thus reducing the annual payroll for the grade by $19,001. The petitioners are the six who had the longest seniority of those suspended. At the time of their suspension their names were placed upon a preferred list for reinstatement.

One month after petitioners were suspended six persons from grade 6 were appointed to fill their positions at salaries within the fifth grade. The petitioners were receiving annually $14,101. The six employees who supplanted petitioners received annual salaries totaling $14,740. It is thus apparent that the substitution which was made, instead of decreasing the payroll for grade 5, actually increased it by $639. The titles of employees in the three grades were changed on July 1, 1932, without any change in duties. It cannot be seriously disputed that there was sufficient appropriation available to pay twelve architects in grade 5 at the time of the suspension of petitioners. If confirmation of this assertion be needed it is to be found in the act of appellants in placing six other men in the identical positions.

Positions in the competitive class may not be abolished by a mere pretense of lack of funds or lack of work, when the positions are continued and the work is performed by new incumbents. (*People ex rel. Davison* v. *Williams*, 213 N. Y. 130; *People ex rel. Machen* v. *Hayes*, 115 Misc. 373; affd., 199 App. Div. 930; affd., 233 N. Y. 542.)

Petitioners have prior rights over all others to the positions which they held in grade 5. The Civil Service Law (§ 31, as amd. by Laws of 1929, chap. 512) provides that after an employee is suspended he " shall be entitled to have his name entered upon a preferred list. * * * It shall be the duty of the State Civil Service Commission * * * forthwith to place the name of said person upon a preferred list for the office, or position, in which he has been employed, or for any corresponding or similar office or position in the same group and grade as the position he formerly held, and to certify from such list the names of persons for reinstatement, in the order of their original appointment, before making certification from any other list, for such position or similar position." (Since amd. by Laws of 1934, chap. 660.)

Assuming, therefore, as contended by the learned Assistant Attorney-General, that petitioners were lawfully suspended on May 31, 1932, they were entitled to preference over all others when the position was re-established a month later. It seems equally clear to us that demotions below grade are illegal if there is in existence a suspended list for the lower position.

It follows, therefore, that the demotion of the six employees from grade 6 to the positions occupied by petitioners in grade 5 was itself illegal. If the head of a department had unlimited power to reduce salaries at will, he could render the law meaningless, and indirectly, by such reductions, force any employee out of the service regardless of his seniority. We are not willing to give the statute such a construction.

It is conceded that petitioners are not now entitled to reinstatement to their positions because such positions were abolished in good faith on June 30, 1934. That applies to all of the petitioners except Fields, and as to him it is admitted that he could have been legally suspended on February 28, 1933. The order appealed from awards to petitioners, except Fields, back salary from the date of suspension on May 31, 1932, to June 30, 1934, being the time when they were unlawfully deprived of their positions. An award of salary is made to Fields from the date of suspension to February 28, 1933. That part of the order appealed from which directs payment of back salary cannot be sustained. An employee in the civil service who has been illegally suspended from his position, may not,

upon his reinstatement, recover pay for the period of his suspension, where, during that period, another has been placed in the position and paid for the work. (*Matter of Barmonde* v. *Kaplan*, 266 N. Y. 214.)

After the decision in the *Barmonde* case the Legislature, by chapter 734 of the Laws of 1935, amended section 23 of the Civil Service Law by providing that any employee who had been theretofore illegally ousted from his position and reinstated by order of the Supreme Court should be entitled to the salary he would have earned between the date of removal and the date of restoration. This statute was declared unconstitutional in so far as it is retroactive. (*Matter of Mullane* v. *McKenzie*, 269 N. Y. 369.)

The order appealed from should, therefore, be modified by eliminating therefrom the provision for payment of salaries to petitioners during the period of unlawful removal, and as so modified affirmed, with fifty dollars costs and disbursements to petitioners.

HILL, P. J., RHODES, CRAPSER and BLISS, JJ., concur.

Order modified by eliminating therefrom the provision for payment of salaries of petitioners during the period of unlawful removal, and as so modified affirmed, with fifty dollars costs and disbursements to the petitioners.