In the Matter of RANDOLPH D. RAGSDALE, Respondent, against BOARD OF EDUCATION OF THE CITY OF NEW YORK, Appellant.

Argued January 23, 1940; decided March 5, 1940.

*William C. Chanler, Corporation Counsel* (*Samuel J. Silverman* and *Paxton Blair* of counsel), for appellant. Local Law No. 26 of 1937 does not apply to employees of the Board of Education. (*Matter of Ryan* v. *Kaplan,* 213 App. Div. 131; 240 N. Y. 690; *Matter of Divisich* v. *Marshall,* 281 N. Y. 170; *City of New York* v. *Village of Lawrence,* 250 N. Y. 429; *Matter of Brennan* v. *Board of*

*Education,* 245 N. Y. 8; *People ex rel. Wells & Newton Co.* v. *Craig,* 232 N. Y. 125; *Matter of Hirshfield* v. *Cook,* 227 N. Y. 297.)

*Maurice Weiss* and *Thomas B. Dyett* for respondent. Petitioner's reinstatement salary as of July 1, 1937, should be held to be $4,260 per annum. (*Matter of Farrar* v. *Board of Education,* 254 App. Div. 733.)

*Per Curiam.* Petitioner is an employee of the Board of Education of the city of New York which fixed his salary under the authority provided in sections 883 and 887 of the Education Law (Cons. Laws, ch. 16). The right of the Board so to do was exclusive. The Board of Education is not a department of the city of New York (*Matter of Divisich* v. *Marshall,* 281 N. Y. 170, 173). Under those circumstances, petitioner is not a " person in the service of the city re-employed or reinstated  *  *  *  to the same or similar position he formerly held in the same or any other department of the city " within the salary protection of the provisions of Local Law No. 26 of the City of New York for the year 1937 (Administrative Code, § B40–6.1, p. 1170; L. 1937, ch. 929).

The orders should be reversed and the petition dismissed, with costs in all courts.

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, SEARS, LEWIS and CONWAY, JJ., concur.

Orders reversed, etc.