In the Matter of the Application of CLYDE JEMMOTT and MARGARET L. GUILFOYLE, on Behalf of Themselves, and Others, for an Order Pursuant to Article 78 of the Civil Practice Act, Appellants, against JAMES MARSHALL and Others, Now Constituting the Board of Education of the City of New York, Respondents.— Appeal from an order in a proceeding under article 78 of the Civil Practice Act, denying petitioners' application for an order requiring the board of education to fix the salary of the petitioner Jemmott and thirty-two other grade 4 clerks similarly situated at an amount based upon $2,470 per annum, in accordance with its salary schedule 2-D, or at an amount based upon $2,400 per annum, the minimum salary fixed for grade 4 clerical employees by the municipal civil service commission; and for an order directing the board to fix the salary of the petitioner Guilfoyle and eight other grade 5 clerks similarly situated at an amount based on $3,096 per annum, in accordance with its salary schedule 2-E, or at an amount based upon $3,000 per annum, the minimum salary fixed by the municipal civil service commission for grade 5 clerical employees. Order unanimously affirmed, without costs. The power of the board of education to fix these salaries is absolute in the exercise of its discretion, which discretion may not be controlled by the courts. The limitation upon that power, indicated in *Matter of Ryan* v. *Kaplan* (213 App. Div. 131; affd., 240 N. Y. 690), is not pertinent to the situation herein. That case involved the converse of that with which we are here concerned. The remedy of the appellants, if they are entitled to one, seems to rest with the board of education itself, the Commissioner of Education or the Legislature. Present — Lazansky, P. J., Hagarty, Carswell, Adel and Taylor, JJ.

HOWARD J. LEE, Respondent, v. DECKER'S EXPRESS, INC., Appellant, and Others, Defendants.— Action to recover damages for personal injuries sustained by plaintiff, who was a guest in an automobile truck which was in collision with appellant's automobile truck. Judgment entered on the verdict of a jury in favor of plaintiff and against appellant unanimously affirmed, with costs. No opinion, Present — Lazansky, P. J., Hagarty, Johnston, Adel and Close, JJ.

DAVID A. LUBARSKY, Respondent, v. JOSEPH PRICE, Appellant. EDWIN G. RAMSDELL, Respondent, v. JOSEPH PRICE, Appellant.— In separate actions to recover the reasonable value of professional services rendered by plaintiffs to defendant's infant son, order of the County Court, Westchester County, denying defendant's motion to dismiss the complaints upon the ground that the court lacked jurisdiction both of the subject-matter of the actions and of the person of the defendant, affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Hagarty, Johnston, Adel and Close, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. JACOB A. BRITT, Appellant, v. WILLIAM STANLEY MILLER and Others, Constituting the Tax Commission of the City of New York, Respondents.— In a proceeding to review assessments made for the purpose of taxation, order confirming assessments and dismissing writ of certiorari unanimously affirmed, with ten dollars costs and disbursements. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Taylor, JJ.