In the Matter of JOSEPH A. BROCK et al., Petitioners, against BOARD OF EDUCATION OF THE CITY OF NEW YORK, Respondent.

Supreme Court, Special Term, Kings County, February 8, 1949.

*A. Mark Levien* for petitioner.

*John P. McGrath, Corporation Counsel* (*Arthur H. Kahn* of counsel), for respondent.

HEARN, J. This is a proceeding under article 78 of the Civil Practice Act for an order directing the board of education of the city of New York to increase the petitioners' salaries by the payment to them of certain increments provided for employees of the City of New York, pursuant to the provisions of section B40–6.0 of the New York City Administrative Code, known as the McCarthy Increment Law. The specific increments claimed are $120 per year as of July 1, 1942, and for successive sums of $120 per year each year thereafter until the maximum of petitioner's grade is reached. The petitioners also seek the difference in salary between that paid them and that to which they claim they are entitled by reason of the McCarthy Increment Law.

Petitioners are laundry bath attendants in the board of education. The grade limits fixed by the municipal civil service commission for grade 2 in the attendance service is from $1,800 to $2,400. The board of education pursuant to the powers vested in it by the Education Law fixed the salary for laundry bath attendant in 1927 at the flat sum of $1,800 per year with no increments. On July 1, 1948, the basic salary was increased to $2,050 per year and, in the interim, certain cost of living bonuses were also granted to the petitioners.

Petitioners contend that by virtue of the McCarthy Increment Law, they were entitled to receive from the board of education the same increments as that law required the City of New York to pay its employees. Specifically, petitioners contend that their basic salaries should have been increased by $120 for each year they were employed subsequent to July 1, 1942, until the maximum of their grade of $2,400 was reached. Petitioners assert that the McCarthy Increment Law has been made applicable to the board of education employees by reason of an amendment to section 16 of the Civil Service Law (as added by L. 1942, ch. 929; now Civil Service Law, § 16, subd. 10) which provides as follows: " In a city having a population of one million or more, a board of education required by law to establish and file salary schedules for its employees shall certify such of its employees as are in a specific civil service grade within such salary schedules equivalent to such civil service grades."

Defendant, on the other hand contends that the McCarthy Increment Law is not applicable to the board of education employees, nor was it made applicable to such employees by the amendment to section 16 of the Civil Service Law.

Our courts have uniformly held that the board of education's power to fix the salaries of its employees is exclusive (*Matter*

*of Ryan* v. *Kaplan,* 213 App. Div. 131, affd. 240 N. Y. 690; *Matter of Jemmott* v. *Marshall,* 264 App. Div. 728); also that local laws passed by the City of New York have no application to employees of the board of education (*Matter of Ragsdale* v. *Board of Education of City of N. Y.,* 282 N. Y. 323; *Eriksen* v. *City of New York,* 167 Misc. 42; *Shapiro* v. *McGoldrick,* N. Y. L. J., Oct. 23, 1940, p. 1212, col. 1, STEUER, J.; *Nelson* v. *Board of Higher Education of City of N. Y.,* 263 App. Div. 144, affd. 288 N. Y. 649).

The amendment to section 16 of the Civil Service Law was adopted in 1942 to overcome the effect of the court's ruling in *Matter of Jemmott* v. *Marshall* (*supra*) which reaffirmed the board of education's power to establish salary schedules inconsistent with grade limits fixed by the municipal civil service commission for comparable positions. The purpose of the amendment to section 16 was to compel the board of education to conform its salary schedules with the civil service grade limits fixed by the municipal civil service commission. Such intention may be deduced from the language used in the amendment.

It is to be noted, however, that the establishment of such grade limits merely sets forth the range in which the head of a department may fix the salaries of the department (*Thoma* v. *City of New York,* 263 N. Y. 402). Significantly, the amendment makes no mention that increments within the grade limits as fixed by the local legislature of the City of New York are to be paid by the board of education. Had the legislature so intended, it could readily have made provision for such payments. In the absence of such express mandatory language in the statute, the court cannot say it was the intention of the Legislature that the power to fix the salaries of employees of the board of education within the grades was to be transferred to the local legislature (*Matter of Ragsdale* v. *Board of Education of City of N. Y., supra; Matter of Nelson* v. *Board of Higher Education of City of N. Y., supra;* City Home Rule Law, § 21, subd. 3). The court must construe the amendment as it finds it and as was pointed out by Mr. Justice CARDOZO, in *Anderson* v. *Wilson* (289 U. S. 20, 27): " We do not pause to consider whether a statute differently conceived and framed would yield results more consonant with fairness and reason. We take the statute as we find it."

Petitioners have shown no clear legal right to the relief sought herein (*People ex rel. Rand* v. *Craig,* 231 N. Y. 216, 221) and their application is, therefore, dismissed.