(November 18, 1969)

■ KOOLERAIRE SERVICE AND INSTALLATION CORP., Appellant, v. BOARD OF EDUCATION OF THE CITY OF NEW YORK, Respondent.

APPEAL from a judgment of the Supreme Court in favor of defendant, entered September 13, 1968, in New York County, upon a decision of the court, dismissing the complaint, at a Trial Term, without a jury.

Memorandum: Judgment entered September 13, 1968, herein appealed from, affirmed, without costs or disbursements. The facts are fairly stated in the dissenting opinion and need not now be restated. The essential point of difference is over the significance of and effect to be given article 44, which is set forth in the dissenting opinion. When parties deal at arm's length, as here, with comparative equality of bargaining power, they are free to include in their contract such terms and conditions as they will. If such provisions are not in contravention of law or clear evidence of overreaching they should be given validity. Although section 93c–3.0 of the Administrative Code, if advanced separately, could not bind the defendant, no legal impediment exists which prevents the defendant from including the language of that ·section or such portion as it wished in article 44 of the. contract (cf. *People ex rel. Elkind* v. *Rosenblum,* 184 Misc. 916, affd. 269 App. Div. 859, affd. 295 N. Y. 929; Education Law, §§ 2556, 2580, 408). This it did, thereby establishing as a condition precedent the requirement that the Comptroller's certificate be attached to the contract.

Plaintiff does not claim ignorance of the existence of the condition but argues waiver by defendant of article 44 and estoppel by reason of defendant's acts in preventing certification. In the absence of a showing of bad faith on the part of defendant in preventing certification, and a clear showing that plaintiff had materially changed its position, to its damage, in reliance upon the acts of defendant, defendant should not be estopped from claiming nonfulfillment of the condition precedent. Nor can it be held that defendant by its actions waived the benefit of article 44. Defendant has a public obligation and is bound to exercise its best judgment in carrying out its duties. Defendant's request that certification not be made for reasons which defendant considered sufficient, should not lightly be disregarded, nor its motive in relying upon article 44 be too technically appraised where, on the record, its good faith is not seriously questioned. A real difficulty here is that the trial court in effect severed the defenses and tried separately the contract issue. Nevertheless, on the record, that will not serve to preclude affirmance of the judgment.

STEUER, J. (dissenting). Plaintiff submitted a bid for the heating and ventilating work on Junior High School 56, Manhattan, being erected by defendant Board of Education. Plaintiff had previously submitted documents to obtain qualification to be a bidder and was accepted by defendant. Plaintiff having the low bid, the board by formal resolution awarded it the contract. Before the final steps to formalize the contract, plaintiff was directed to submit surety bonds, insurance policies and the names of its subcontractors. It was also directed to submit shop drawings and a layout drawing, all of which were .approved.

The proposed contract contained a provision which reads: " Art. 44. This contract shall not be binding or of any force unless The Comptroller shall indorse hereon his certificate that there remains unexpended and unapplied, as provided in Section 93c–3.0 of the Administrative Code of the City of New York, a balance of the appropriation or fund applicable thereto, sufficient to pay the estimated expense of executing this contract as certified by the officers making the same."

The award of the contract was voted by the board on July 21, 1965, and plaintiff was notified thereof on August 4, 1965. On November 12, 1965, the Superintendent of Schools advised the board that certain of plaintiff's answers on its prequalification application to bid were false and advised rescission of the contract. On November 17 the board voted to rescind, to which plaintiff objected when notified. At some undisclosed date prior to November 12 the Superintendent had requested the Comptroller to withhold certification of the contract (as provided for in art. 44 above) and the Comptroller did so although there were funds unexpended and unapplied sufficient to pay for the estimated expense of the contract. The Comptroller acceded to the request and, later, being notified of the purported rescission, never did certify the contract.

Plaintiff's action is for damages for breach evidenced by the purported rescission. The defense was two pronged: first, that the rescission was legally permissible and properly effected; second, that no contract between the parties ever came into being. This latter contention is based on the failure of the Comptroller to certify. Trial Term took testimony on the second defense only, sustained it and reached no further point in the case. Of course, if the court was correct in that view of the case, the further contentions of the parties under the pleadings are of no moment. We do not, however, believe that view to be correct.

We are in accord with Trial Term and majority memorandum that in and of itself it is immaterial that the defendant Board of Education is a body separate and apart from the City (*Nelson* v. *Board of Higher Educ. of City of N. Y.*, 263 App. Div. 144) and that the provisions of the Administrative Code in regard to municipal contracts do not apply to it (*Matter of Ragsdale* v. *Board of Educ.*, 282 N. Y. 323). However, the board may include in a contract any provision taken from that code if it so elects and the fact that it was not required by statute to do so does not invalidate the contract provision. It is, however, equally clear that the board did not, by including this provision, intend to give the Comptroller a veto power over the contract. He is given no discretion and would be obligated to certify if the fiscal conditions so warranted.

It follows that the real condition intended by the parties to the contract's coming into being was the existence of properly allocated funds, and the Comptroller certificate was merely a convenient form of attesting to that fact if it existed. Here it is conceded that it existed. Furthermore, it appears that the Comptroller's failure to certify is due to the defendant's request, which in effect directs him to determine, contrary to the fact, that funds were not available. At the very best the direction to the Comptroller was a subterfuge designed to give an additional string to defendant's bow in nullifying the contract.

We are told, however, that this being a contract by a public body it is not effectuated unless all the formal steps necessary to finalization are completed (*Albany Supply & Equip. Co.* v. *City of Cohoes*, 25 A D 2d 700, and cases cited). As regards such provisions as a Comptroller's certificate, however, a close examination of the cases will reveal that in each instance the contractor and the city officials collaborated to bypass or ignore the provisions. Generally, recovery was not sought on the contract but upon quantum meruit (*Lutzken* v. *City of Rochester*, 7 A D 2d 498), which is impermissible (*Seif* v. *City of Long Beach*, 286 N. Y. 382). The true rule is carefully and completely set forth in *Van Dolsen* v. *Board of Educ.* (162 N. Y. 446). The then existing statute (Consolidation Act, § 1029) required school officers, before contracting, to submit the contract to the Board of Education, which board, if it approved and had the requisite funds at its disposal with the Comptroller, could appropriate the needed sum to contract. In that instance the board approved the contract but neglected to make the appropriation, despite the fact that there were available

funds. It appeared that when the contract was performed and the contractor sought payment, these funds had been expended on other projects. It was held that plaintiff could nonetheless recover. The failure of the Board to appropriate the necessary sums, which the statute fixed as a condition to the contract, was not an effective bar where the Board was in fact empowered to make the. contract and had directed its trustees to do so. The court stated (p. 452) : " Defenses by official boards resting upon their omission to do the acts they had the power to do in order to perfect the authority they assumed to exercise, are not favored when invoked against innocent parties dealing with them in good faith. (*Moore* v. *Mayor*, 73 N. Y. 238; *Reilly* v. *City of Albany*, 112 N. Y. 30.) " In *People ex rel. Kiehm* v. *Board of Educ.* (198 App. Div. 476, 481) we find the same rule expressed thus : " *First*, the board cannot, in this proceeding, rely upon its failure or omission to do what it should have done and what it was within its power to do as a defense to a contract made by it." We can see no distinction between the board's failing to do the act itself and directing another official to refrain from performing an act which, by virtue of the situation, was purely ministerial. We therefore conclude that the failure of the Comptroller to make the certification required by article 44 of the contract does not invalidate it.

This, of course, is far from holding that the plaintiff is entitled to recover. Whether the board in purporting to rescind was within its rights would remain for determination. The facts necessary for such a determination for the reasons stated above were not developed at the trial, and no opinion in regard to them or any question of law that might develop from them is expressed.

The judgment entered September 13, 1968, dismissing the complaint herein should be reversed on the law, and the case remanded to Trial Term.

Stevens, P. J., Capozzoli and McGivern, JJ., concur in memorandum; Steuer, J., dissents in opinion in which Nunez, J., concurs.

Judgment entered September 13, 1968, herein appealed from, affirmed, etc.