James W. McCaffrey, Appellant, *v.* The State of New York, Respondent. (Claims Nos. 19211 and 20150.)

(Argued March 28, 1932; decided April 26, 1932.)

*M. J. Conboy* for appellant. The claimant is a laborer within the meaning and intent of the statute and the difference between the wages received by him from the State and the prevailing rates of wages for laborers in

the town of Waterford is the measure of his recovery. (*Case* v. *State*, 254 N. Y. 568; *Osborne* v. *International Ry. Co.*, 226 N. Y. 421; *Matter of Meyer*, 209 N. Y. 386; *Campbell* v. *City of New York*, 244 N. Y. 317; *Travelers' Ins. Co.* v. *Padula Co.*, 224 N. Y. 397.) One employed on a lock of the canal system is a laborer and entitled to the benefits of the statute. (*Wright* v. *State of New York*, 223 N. Y. 44; *Clark* v. *State of New York*, 142 N. Y. 101.)

*John J. Bennett, Jr., Attorney-General* (*Joseph I. Butler* of counsel), for respondent.

LEHMAN, J. The claimant accepted employment as a lock laborer in the State service. His wages were fixed by agreement and he has been paid the wages he agreed to accept. The statute (Laws of 1929, ch. 479) does not provide that the wages of a laborer shall be determined by any rule or standard; it does provide that the State shall not pay less than the prevailing rate of wages in the same trade or occupation in the locality within the State where the claimant is employed. All laborers are entitled to the protection of the statute, but when a laborer claims that the stipulated wages which he has received are less than such prevailing rate, he has the burden of establishing his claim by proof.

The claimant has shown that the prevailing rate of wages paid by contractors to " common laborers " in the same locality is fifty cents an hour. If the plaintiff was employed by the State to exercise the trade or occupation of a " common laborer " then the proof is sufficient, though the nature of the employment be described as a " lock laborer " and no other lock laborers be employed in that locality. That is clear. The proof, however, is otherwise. A common laborer, employed by a contractor, is one who is employed to perform heavy unskilled work such as enters into road and building construction. It is casual work done by the hour and calling for constant muscular effort. Here the claimant was employed, not

by the hour, but for long periods each year to assist in tending a lock. His work called for no constant muscular effort. Intermittent effort was called for at times when vessels were passing through the lock. His trade or occupation was more nearly analogous to that of a watchman, a bridge tender or even a farmhand than to that of a common laborer in construction work. Perhaps no others in that neighborhood are engaged in similar trade or occupation. Then there can be no prevailing rate of wages. Perhaps the claimant merely failed to show a rate which does exist. We are concerned only with the fact that, without proof of a prevailing rate, the claimant fails to show that he has received less than the prevailing rate.

It is not the purpose, or effect, of the statute that the compensation of all laborers shall be determined by some prevailing rate of wages. In order to avoid evils that might rise from payment of compensation less than the prevailing rate paid in the same trade or occupation in the same locality, the Legislature has imposed a limitation upon the contractual rights of the State. The limitation does not apply under the express terms of the statute, or by reasonable implication, where the proof fails to show that others are employed in the same trade or occupation in that locality. Though the work performed for the State need not be identical with work performed in the same trade or occupation for other employers, it must at least fall within the same general category.

Judgment should be affirmed, with costs.

CRANE, J. (dissenting). The claimant was employed by the State of New York as a lock laborer between the 1st day of April, 1923, and the 31st day of August, 1930, for the several periods of time set forth in his claim. He worked on lock No. 2, Erie canal, situated in the town of Waterford, Saratoga county, N. Y. During said period, common laborers employed by contractors doing work in

the same locality were paid as high as eighty cents an hour, and none were paid less than fifty cents an hour, except during a short period of about two months in the year 1924, when they were paid forty-five cents an hour. The prevailing rate of wages for common laborers during the period in question was fifty cents an hour. If the claimant had been paid at this rate for the number of hours he was employed by the State of New York, he would have been paid a total sum of $7,210, or $1,679.23 more than he actually did receive for the period that he was employed. For this amount McCaffrey filed two claims, pursuant to the provisions of chapter 479 of the Laws of 1929, as amended by chapters 701 and 736 of the Laws of 1930, and by which laws the claimant, an employee of the Barge canal system of the State of New York, was given the right to recover from the State for the difference between the wages received by him and the amount of wages which would have been payable at the prevailing rate of wages in the locality where claimant was employed.

Chapter 479 of the Laws of 1929 provides:

" Section 1. Jurisdiction is hereby conferred on the court of claims to hear, audit and determine the claims of laborers, workmen and mechanics against the state for services rendered since April first, nineteen hundred twenty-three, while in the state employ on the Erie canal, the Oswego canal and the Champlain canal, provided to be improved by chapter one hundred and forty-seven of the laws of nineteen hundred three and acts amendatory thereof and supplemental thereto, by reason of the failure of the state, its officers and agents to pay claimants the prevailing rate of wages in the trade or occupation in the locality within the state where claimants were respectively employed and if the court finds that any such claimant since April first, nineteen hundred twenty-three, shall have been paid for his services less than such prevailing rate in the locality where employed, the difference

between the amount so paid any such claimant and the amount of wages which would have been payable at the prevailing rate of wages in the locality, as found by the court, shall constitute a legal and valid claim in favor of the claimant against the state and the state shall be deemed to be liable therefor, and the court may make an award and render judgment for the claimant against the state in such sum as shall be just and equitable, notwithstanding the lapse of time since any such claim or claims or any part thereof accrued, or the failure to file any such claim or claims within the time prescribed by law, but no award shall be made or judgment rendered hereunder unless such claim shall have been filed with the court of claims within six months after this act takes effect."

The amendments of 1930 are not material to our discussion, although bearing upon the rights of the claimant.

The constitutionality of this act was sustained by this court in *Case* v. *State of New York* (254 N. Y. 568). No opinion was written at that time, and as the act is again challenged, it may be well to state our reasons for our decision. We said in *Campbell* v. *City of New York* (244 N. Y. 317, 324): " The public policy of the State declared by successive Legislatures during a period of thirty years (L. 1897, ch. 415; L. 1899, ch. 567; L. 1900, ch. 298; L. 1906, ch. 506; L. 1909, ch. 292; L. 1913, ch. 494; L. 1916, ch. 152; L. 1921, ch. 642) exacts the payment of the rate of wages prevailing in the vicinage to laborers and mechanics employed upon the public works. We trace in judicial decision and constitutional amendment the tides of thought and sentiment." The constitutional amendment referred to is article XII, section 1: " The legislature may regulate and fix the wages or salaries, the hours of work or labor, and make provision for the protection, welfare and safety of persons employed by the State or by any county, city, town, village or other civil division of the State, or by any contractor or subcontractor performing work, labor or services for the State, or for

any county, city, town, village or other civil division thereof." Even before this constitutional amendment it was held that the Legislature might lawfully prescribe the compensation of State employees employed on public works. (*Clark* v. *State of New York*, 142 N. Y. 101.)

Chapter 567 of the Laws of 1899 provides:

" The wages to be paid for a legal day's work as hereinbefore defined to all classes of such laborers workmen or mechanics upon all such public work or upon any material to be used upon or in connection therewith shall not be less than the prevailing rate for a day's work in the same trade or occupation in the locality within the State where such public work on, about or in connection with which such labor is performed in its final or completed form is to be situated erected or used."

The same provision is now subdivision 3 of section 220 of the Labor Law (Cons. Laws, ch. 31). By chapter 563 of the Laws of 1927 " locality " was defined to be " the town, city, village or other civil division of the State wherein the physical work is being performed." (See now, Labor Law, § 220, subd. 5-b.) No doubt the reason for this definition of " locality " by the act of 1927 was the decision of the United States Supreme Court in *Connally* v. *General Construction Co.* (269 U. S. 385), holding that the word " locality," standing alone and by itself, was too vague and indefinite to be the foundation for a criminal prosecution based upon a labor law requiring the prevailing rate of wages in the " locality " where the work was done. However, in the *Campbell* case we held that this decision did not render unconstitutional the provision of our Labor Law, requiring contractors with municipalities to pay the prevailing rate. The amendment of 1927 was not necessary for this purpose. The suggestion was also there advanced that the *Connally* case dealing with a criminal prosecution might not lead to such a strict interpretation of the statute when applied in civil actions to recover on contracts of employment. How-

ever this may be, if contractors with the State were obliged, prior to 1927, to pay the prevailing rate, it certainly would be fair and just that the State itself in employing labor should comply with the same law. At least there would be this moral obligation. In our judgment, however, the Labor Law, prior to the amendment defining " locality," was sufficiently definite to make the law constitutional as against the State for the purposes of enforcing in civil actions the claims for wages.

Under these laws and obligations of the State, chapter 479 of the Laws of 1929 was merely an enabling act permitting laborers like this claimant to present their claims within a certain designated period.

Case (in *Case* v. *State of New York, supra*) was a carpenter and he recovered the prevailing rate for carpenters, laborers and mechanics paid in Syracuse. The claimant in *Wright* v. *State of New York* (223 N. Y. 44) was a locktender, and he was paid the prevailing rate for working men in the locality, although of course there was no such occupation as locktenders outside of the employment on the State canals.

Whatever we may think, especially at this time of falling wage and unemployment, of the propriety and wisdom of this class of legislation, we as a court are to declare and follow the law, not make or remake it. So far as we can ascertain it, our purpose as well as duty is to carry out the intention of the Legislature, and give to their acts full force and meaning. The Court of Claims, while finding that the prevailing rate for common laborers in the town of Waterford was not less than fifty cents an hour, could find no prevailing rate for lock laborers. Of course there would be no lock laborers except upon the canals. The above statutes would be meaningless if the prevailing rate to be paid laborers on the canals was to be determined by the wages of other lock laborers when no such class could possibly exist. The words of the statute, " the prevailing rate of wages in the trade or occupation in the

locality within the State where claimants were respectively employed," refer to trades or occupations similar to that of the State employee. In *Case* v. *State of New York* (*supra*) the claimant was allowed what other carpenters in Syracuse were paid. In the *Wright Case* (*supra*) the locktender recovered the amount paid to workmen and mechanics of his class. McCaffrey in this case should have been paid, and is entitled to receive, the prevailing rate paid to laborers — workmen who do laboring jobs. The evidence shows this to have been not less than fifty cents an hour. Under the Constitution and the laws herein cited, McCaffrey is entitled to $1,679.23, with interest, according to the facts as found by the Court of Claims.

The judgment of the Appellate Division and that of the Court of Claims should be reversed, and judgment on the findings given for the claimant, with costs in all courts.

O'BRIEN, HUBBS and CROUCH, JJ., concur with LEHMAN, J.; CRANE, J., dissents in opinion in which POUND, Ch. J., concurs; KELLOGG, J., not sitting.

Judgment affirmed. (See 259 N. Y. 587.)