EDWARD KOSO, Plaintiff, *v.* FREDERICK STUART GREENE, Superintendent of the Department of Public Works of the State of New York, Defendant.*

Third Department, July 1, 1932.

*Byrne, Jeram & Casey,* for the plaintiff.

*John J. Bennett, Jr., Attorney-General,* for the defendant.

---

* Revd., 260 N. Y. 491.

RHODES, J. On January 12, 1931, plaintiff received a permanent appointment from an eligible list under the civil service of the State, and on that day entered the service of the State as an architectural designer in the Division of Architecture, Department of Public Works. He was suspended on May 5, 1932, through no delinquency or misconduct on his part but because of lack of funds appropriated for the maintenance of the said department. There are other architectural designers now in the employ of the department who received provisional or temporary appointments to said positions prior to the time when plaintiff received his said appointment, but they did not receive permanent appointments until after the date of the said appointment of plaintiff, and those others have not been suspended nor placed upon preferred lists in the Civil Service Department pursuant to section 31 of the Civil Service Law.

We are asked to determine whether or not the plaintiff is entitled to retain his position in preference to those others who received later permanent appointments, but whose term of service was commenced by temporary or provisional appointments antedating that of plaintiff. In other words, is a temporary or provisional appointment, which has ripened into a permanent one, to be deemed an original appointment from the date of such temporary or provisional appointment, within the meaning of said section.

Section 31 of the Civil Service Law provides in part that " Any person who while holding a position in the competitive class under the Civil Service Law or rules, has been separated from the service through the abolition of a department   *   *   *   or whose position is abolished or made unnecessary, through no delinquency or misconduct on his part shall be deemed to be suspended without pay, which suspension shall be made *in the inverse order of original appointment in the service,* and shall be entitled to have his name entered upon a preferred list."

Section 14 provides in part that the competitive class shall include all positions for which it is practicable to determine the merit and fitness of applicants by competitive examination, and " appointments   *   *   *   or employment shall be given in all positions in the competitive class   *   *   *   by appointment from among those graded highest in open competitive examinations   *   *   *."

Section 15 provides in part that in certain cases " positions in the competitive class may be filled without examination." This may be done when there is urgent reason therefor and there is no list of persons eligible for appointment, in which event a provisional appointment may be made after a non-competitive examination for a period not longer than four months, and a temporary appoint-

ment may be made from the eligible list without regard to standing for a period of not exceeding one month where the need of such service is important and urgent.

Thus, under the statute, persons holding provisional or temporary appointments are occupying " positions in the competitive class." At least they are in the service under and pursuant to the Civil Service Law.

In the facts submitted to us it is stated that there are other architectural designers in the employ of the department who were originally provisional or temporary appointees to said position. Under the statute, therefore, their positions were in the classified service. " Original appointment in the service," therefore, must mean the date when such persons received their provisional or temporary appointment for they then were " in the service," *i. e.*, the classified service. It appears that the date of such original appointment, either temporary or provisional, was prior to the date of plaintiff's appointment.

Plaintiff's attorney argues that by the amendment to section 31 of chapter 512 of the Laws of 1929 there was omitted therefrom the clause which made the section applicable to a person holding " a position subject to a qualifying examination;" that by eliminating such words it was the intention to make the section applicable only to those holding a position in the competitive class after a qualifying examination; that, therefore, a person in the competitive class means a person appointed after passing a qualifying examination and that those holding by temporary or provisional appointments are, therefore, not to be regarded in the competitive class. However, by the express language of the statute in its present form, persons holding provisional or temporary appointments are occupying " positions in the competitive class." It should be noted also that the language stricken out had for its purpose the identification of persons who were to be entitled to the benefits provided by the section. Having ascertained the class to be protected, the various sections of the statute, read and interpreted together, disclose what is meant by " original appointment in the service."

The " original appointment," therefore, of others holding positions similar to that of plaintiff, and who have not been suspended, was prior to that of plaintiff.

Defendant was, therefore, authorized and required to suspend the plaintiff before suspending such other persons. Judgment should, therefore, be directed in favor of defendant, but without costs.

All concur; McNAMEE, J., not voting.

Judgment rendered in favor of defendant, without costs.