John M. Queeny, Claimant, *v.* The State of New York, Defendant.

(Claim No. 20842.)

Court of Claims, July 27, 1933.

*John H. Clogston*, for the claimant.

*John J. Bennett, Jr., Attorney-General [John M. Dooley and Joseph I. Butler, Assistant Attorneys-General*, of counsel], for the defendant.

RYAN, J. Claimant was a skilled and experienced structural steel worker. In 1929 and 1930 he was employed by the State of New York, Division of Canals. He worked on Barge canal stop gates and bridges in practically all of the towns and villages from the Wayne county line on the east to the village of Middleport on the west. He did no work within the city of Rochester.

Claimant's duties required him to burn out rivets with an acetylene torch, take out and replace sections of steel ten feet long and approximately six inches by one foot square; also take out and replace vertical sections at each end of the stop gates; also to place steel cabins and housings on the stop gates to cover and protect motors and machinery. The object of the work on the stop gates was to transform them from hand operation to electrical operation. Claimant also dismantled a large steel crane which was removed to the Pittsford shops where he helped to set it up again.

Claimant was paid six dollars per day for an eight-hour day which was more than the prevailing rate of wages paid to common labor. Undoubtedly claimant's skill and experience as a structural steel worker were of value to the State and the State recognized them by paying an increased wage.

Claimant applies under chapter 479 of the Laws of 1929, as amended, for an award of increased wages, contending that he should have been paid the rate paid to structural steel workers by employers in the city of Rochester during the same period of time. There were no such employers in the several communities where claimant was employed except possibly that while claimant was in the village of Holley between December 6 and 12, 1929, some steel erectional work was being progressed on the Holley High School. Claimant testified that he saw such work being done but the employers' records indicate that it was done in 1930.

Claimant could find only three employers of structural steel workers in the city of Rochester. The payroll records of these

three concerns show that in 1929 one of them paid to the erectors $1.25 per hour and the other two were paying $1.12½, and in 1930 one of them paid $1.25 per hour and two of them were paying $1.20 per hour. Helpers to the erectors were paid eighty and ninety cents per hour.

The court received, over the objection of the Attorney-General, this testimony of the wages paid in Rochester and also testimony to the effect that when these Rochester employers had contracts in outlying towns and villages in the vicinity, the men were hired in Rochester, were sent to such localities and paid the Rochester rate, unless they were sent to a community such as Ithaca, where the rate was higher than Rochester, in which event the higher rate was paid. It is the claimant's contention that he should be allowed an award on the basis of this Rochester rate because private companies followed that practice and because the headquarters of the Rochester division of the Barge canal were in Rochester and claimant's payroll was made up there.

We held in the case of *Hannan* v. *State of New York*, the dismissal of which claim by our court was recently affirmed by the Appellate Division, Third Department (239 App. Div. 859), that the definitions of " prevailing rate of wage " and of " locality," as set forth in section 1 of chapter 563 of the Laws of 1927, being known as the Labor Law, article 8, section 220, subdivisions 5-a and 5-b, are to be applied in construing chapter 479 of the Laws of 1929, as amended.

Claimant in this case has failed to establish a prevailing rate of wage for the kind of work which he did for the State of New York in the localities where he performed the labor. While not in all respects identical, the tasks required of claimant were probably sufficiently of the same general category of labor as that done by structural steel workers to entitle him to an award had claimant been able to prove that there was a rate for structural steel workers which prevailed in the localities where he worked. As such rate was not established upon the trial, the claim must be dismissed.

BARRETT, P. J., concurs.