In the Matter of the Application of HENRY A. WEIHER, Respondent, for a Mandamus Order against FREDERICK STUART GREENE, Superintendent of Public Works of the State of New York, and Others, Appellants.

Third Department, January 19, 1934.

*John J. Bennett, Jr., Attorney-General* [*Patrick H. Clune, Assistant Attorney-General,* of counsel], for the appellants.

*John T. DeGraff,* for the respondent.

HEFFERNAN, J. This appeal presents only a question of law and involves the construction of section 31 of the Civil Service Law, the pertinent part of which reads: "Any person who while holding a position in the competitive class under the Civil Service Law or rules, has been separated from the service through the abolition of a department, office or institution, or any section, bureau or division thereof, or whose position is abolished or made unnecessary, through no delinquency or misconduct on his part shall be deemed to be suspended without pay, which suspension shall be made in the inverse order of original appointment in the service, and shall be entitled to have his name entered upon a preferred list."

As a result of a competitive civil service examination respondent on October 16, 1931, received a permanent appointment to a position in the Department of Public Works of the State of New York known as architectural draftsman and designer. In the

examination which resulted in his appointment respondent obtained a rating of ninety-six per cent and ranked No. 5 on the eligible list. Other architects with a lower standing on the list received permanent appointments to the same position on the same day. It is conceded that under the provisions of the Civil Service Law that where several persons are appointed to the same position on the same day they must be dismissed in the inverse order of their standing on the list, the theory being that, although all appointments were made on the same day, those attaining the highest standing on the eligible list were first appointed.

Because of illness respondent was granted a leave of absence *with pay* from December 7 to December 16, 1931. For a like reason he was granted a further leave of absence *without pay* from December sixteenth until January fourth following.

On May 31, 1932, respondent was suspended through no delinquency or misconduct on his part, but solely because of lack of employment resulting from a reduction of appropriations.

In determining his seniority and length of service the Superintendent of Public Works deducted the time respondent was absent on leave *without pay*. But for that deduction he was entitled to be continued in the State service. Others occupying the same position with a lower standing on the eligible list have been continuously employed. It is conceded that if the time when respondent was absent on leave without pay was improperly deducted then he is entitled to reinstatement and the order appealed from should be affirmed. That is the sole question for determination.

The statute under consideration makes it mandatory that suspensions shall be made " *in the inverse order of original appointment in the service.*"

It is quite significant that the Legislature in providing for such suspensions made use of the phrase " original appointment " rather than seniority in service or words of like import. The language used indicates that the legislative intention was that retention in the service should be determined by the date of appointment and not by the length of service. The date of appointment controls so long as service thereafter is not interrupted by circumstances which would constitute a definite break in the chain of continuous service. This view is confirmed by Civil Service Rule XVI, subdivision 1, which is as follows: " Absence on leave for more than one year shall be deemed the equivalent of a resignation from the service upon the date of commencement of such absence." Obviously a leave of absence for less than a year does not constitute an interruption in the service. Nowhere in the statute or the rules is there any indication that time served should furnish the test.

The rules of the State Civil Service Commission have the force and effect of law. (Civ. Serv. Law, § 6, subd. 1.) Separation from the service can only be brought about by dismissal, resignation, cancellation of appointment or death. (Civ. Serv. Law, § 19; *People ex rel. Davie* v. *Lynch*, 164 App. Div. 517.) None of these conditions applies in the case under review. In our opinion respondent was not separated from the service while absent on leave. Appellants evidently make a distinction between absence on leave with and without pay. In the instant case the time during which respondent was absent with pay was not included in the deduction. The contention of appellants is that he was out of the State service only during the period of absence without pay. The statute makes no such distinction. If, as appellants assert, seniority is based on service and performance, it is difficult to understand by what process of reasoning they arrive at the conclusion that one who is absent with pay is entitled to full credit for such period while his unfortunate associate who is deprived of compensation during a like absence is entitled to no credit whatever. In neither instance is the State served and we must confess our inability to perceive any distinction between the two cases. Surely it was never within the contemplation of the statute that the discretionary act of a State official in granting leave of absence with or without pay should be the test of seniority.

We believe that the learned justice at Special Term was correct in concluding that such a construction is arbitrary and unreasonable. Absence because of illness may be expected to occur in any employment. An employee should not be penalized because of absence for cause with the express permission of his superior. So in this case respondent's absence did not in any wise alter his status.

The order appealed from should be affirmed, with fifty dollars costs and disbursements to respondent.

HILL, P. J., RHODES, McNAMEE and CRAPSER, JJ., concur.

Order affirmed, with fifty dollars costs and disbursements.