In the Matter of the Application of EDMUND SKROCKI, Appellant, for a Mandamus Order against FREDERICK STUART GREENE, Superintendent of Public Works of the State of New York, and Others, Respondents.

Third Department, July 6, 1934.

*John T. DeGraff* [*Rollin B. Sanford* of counsel], for the petitioner.

*John J. Bennett, Jr., Attorney-General* [*Patrick H. Clune, Assistant Attorney-General*, of counsel], for the respondents.

HILL, P. J.   Petitioner appeals from the denial of his application for a mandamus order requiring the Superintendent of Public Works to reinstate him as an assistant architect.

Petitioner entered the State service through his appointment on October 16, 1931, as an architectural draftsman in grade 7, at a salary of $3,500.   On July 1, 1932, his position was reclassified and he was designated assistant architect, grade 6.   Concerning this transfer and reclassification the Superintendent of Public Works pleads in his answering affidavit " that the reclassification of petitioner, who had been an Architectural Draftsman, as an Assistant Architect was proper and legal and within the power of the State Civil Service Commission and in accordance with the mandate of the State Legislature as contained in the Annual Appropriation Bill for the year 1932–1933."   The gravamen of petitioner's complaint is that two assistant architects, Smith and Greenberg, were continued in the service when he was suspended, while he should have had a preference over them under the seniority rule because, while all three were appointed on the same day, his standing upon the eligible list was 21, Smith's 42 and Greenberg's 44.

Separation of civil service employees from the service of the State is required to be made " in the inverse order of original appointment in the service " (Civil Service Law, § 31), and if

appointments are made on the same day, the separation from the State service is in the inverse order of the standing on the eligible list, it being assumed that those who have the highest standing are first appointed. (*Matter of Weiher* v. *Greene*, 239 App. Div. 652.) From this recital, petitioner seems aggrieved that Smith and Greenberg each with a lower standing on the eligible list, should be retained while he is separated from the service.

However, the Superintendent pleads in his answering affidavit " that petitioner was wrongfully continued in service after May 31, 1932, as determined by the Court of Appeals in the case of *Edward Koso*, Appellant, v. *Frederick S. Greene, as Superintendent of Public Works of the State of New York*, Respondent, decided January 10, 1933, and reported in 260 N. Y. page 491, and any and all rights of petitioner should and must be determined as of May 31, 1932. * * * That based upon the rights of petitioner as of May 31, 1932, he was properly and legally suspended on March 1, 1933." It was determined in the *Koso* case that when civil service employees are to be suspended, the beginning of their service is the day upon which appointment was originally made " from an eligible list for a probationary term ripening at the end of three months' satisfactory service into a permanent appointment," and that the time served as a provisional or temporary appointee is not to be considered. The court of final appeal having construed section 31 of the Civil Service Law, its construction fixes the meaning of that section from the date of its enactment, and the decision by the Appellate Division (236 App. Div. 288) is to be viewed as if it had never been (*Tidal Oil Co.* v. *Flanagan*, 263 U. S. 444; *Evans* v. *Supreme Council, Royal Arcanum*, 223 N. Y. 497; Cardozo, Nature of the Judicial Process, 146); and the State, more favored than its citizens, is not bound when its agents and officials act under a mistaken construction of the law. (*Wisconsin Central Railroad* v. *United States*, 164 U. S. 190, 210.) The *Koso* case does not sustain the Superintendent in giving Smith and Greenberg priority over petitioner. They did not gain seniority through their continued service in grade 6. While part of petitioner's service was in grade 7, his reclassification in grade 6 was legal and proper as pleaded by the Superintendent. (*Matter of Spivak* v. *Delaney*, 264 N. Y. 491.)

The Superintendent suggests that all of the foregoing is without weight as petitioner's rights are to be determined as of May 31, 1932, and at that time he was serving in grade 7 and not in competition with Smith and Greenberg in grade 6. Under the civil service rule governing suspension of employees, each grade is a separate entity and seniority is considered among the employees

in that grade only. Petitioner might have been suspended from grade 7 with Smith and Greenberg continuing in grade 6. When the appropriation for grade 7 was reduced on May 31, 1932, the personnel was lessened, some were suspended and others transferred. One of that personnel, petitioner, was transferred to grade 6. This the Superintendent pleads was legal and proper. It may be assumed, entirely outside of the record, that, because of seniority, another than petitioner should have been transferred to grade 6 and that petitioner should have been suspended. Assuming such condition, the transferee would rank Smith and Greenberg. The answering affidavit of the Superintendent does not allege such a condition, and in the present state of the record, petitioner's seniority over Smith and Greenberg is unquestioned. He is entitled to a peremptory order of mandamus.

I favor a reversal of the order of the Special Term and the granting of a mandamus order according to the prayer of the petition.

RHODES, CRAPSER, BLISS and HEFFERNAN, JJ., concur.

Order denying peremptory mandamus reversed on the law and facts, with costs. Order of mandamus granted requiring the defendants to reinstate petitioner as assistant architect, grade 6, Department of Public Works, Division of Architecture, as of March 1, 1933, and place him upon the payroll from that date, and to certify him as reinstated in his position, with fifty dollars costs and disbursements.