In the Matter of the Application of MAE C. Moss and Another, Petitioners, for a Mandamus Order against FREDERICK STUART GREENE, Superintendent of Public Works of the State of New York, and Others, Respondents.

Supreme Court, Albany County, September 29, 1934.

*Joseph Greenberg*, for the petitioners.

*John J. Bennett, Jr.*, Attorney-General [*Patrick H. Clune* of counsel], for the defendants.

STALEY, J. The petitioner Mae C. Moss was appointed as stenographer in the Division of Architecture, Department of Public Works, on August 26, 1929. On January 1, 1931, her salary was fixed at $1,620 per year. On June 30, 1934, her position was abolished.

The petitioner Catherine A. Flood was appointed stenographer in the same department on April 23, 1930, at a salary of $1,500, and her position likewise was abolished on June 30, 1934.

Each of these petitioners seek order for mandamus for reinstatement on the ground that their dismissal was in violation of section 31 of the Civil Service Law, in that other stenographers in the department, junior in service to them, were retained after the dismissal of petitioners.

The other stenographers set forth in the petition as being illegally retained are shown by the schedule thereto to be junior in service to the petitioners, but the salary of four of these other stenographers is $1,200 per year, and the salary of the other stenographer is $900 per year.

The stenographers retained are, therefore, in the first and second grade in accordance with section 42 of the Civil Service Law and rule VII of the Rules of the State Civil Service Commission, while the petitioners herein are in the third grade. Each salary grade in the same classification of positions constitutes a separate group of positions for the purpose of examination, appointment, transfer, promotion, suspension and reinstatement.

Presiding Justice HILL of the Appellate Division, Third Department, said in *Matter of Skrocki* v. *Greene* (242 App. Div. 226, 228): " under the civil service rule governing suspension of employees, each grade is a separate entity and seniority is considered among the employees in that grade only."

To hold otherwise would lead to great confusion in the operation of the civil service of the State, and would result detrimentally in the functioning of the public service.

Orders may be entered herein dismissing the petition in each case, with costs.