In the Matter of the Application of WILLIAM SANGER and Others, Petitioners, for a Peremptory Mandamus Order against FREDERICK STUART GREENE, Superintendent of Public Works of the State of New York, and Others, Respondents.

Supreme Court, Albany County, September 29, 1934.

*John T. DeGraff*, for the petitioners.

*John J. Bennett, Jr., Attorney-General* [*Patrick H. Clune* of counsel], for the respondents.

STALEY, J. This is an application for a peremptory order of mandamus to reinstate the petitioners as senior architects, grade 7, in the Department of Public Works.

Petitioners passed a civil service examination and were appointed on or about December 10, 1930, to the positions of architectural draftsmen or designers.

On July 1, 1932, the title of the positions of petitioners was changed to that of senior architect, without any examination and without any change in duties or salary.

This change in 1932 was brought about by the reclassification attempted by the State authorities, but it was never confirmed by law, except for the limited purpose of allocating appropriations and salaries. (*Matter of Shepherd* v. *Greene*, 153 Misc. 289.)

On June 30, 1934, petitioners, with others, were dismissed for reason of economy.

It is claimed that Harold V. Dowden, Charles M. Diffen and Gilbert L. Van Auken have been retained in the State service in violation of petitioners' rights.

Harold V. Dowden was appointed to architectural draftsman or designer, the same position held by petitioners, January 1, 1931. Charles M. Diffen was appointed to a similar position December 10, 1930, and Gilbert L. Van Auken was likewise appointed December 10, 1930.

All these appointments were made as the result of an eligible list established at the time of the examination for the position of architectural draftsmen or designer.

Sanger was No. 2 on the eligible list; Babcock was No. 5, and Bloser No. 4. Dowden was No. 6 on the eligible list; Van Auken No. 12, and Diffen No. 21.

It appears, therefore, that petitioners outranked Dowden, Diffen and Van Auken, who have been retained in their positions upon the eligible list from which the appointments were made.

On July 1, 1932, a position bearing the title " associate architect " was created, and Dowden, Diffen and Van Auken were appointed to such positions. This position, as well as that of senior architect, the position held by the petitioners, was the result of the so-called reclassification of the State service.

It is claimed by the defendants that Dowden, Diffen and Van Auken performed a higher class of work than petitioners and that their classifications and redesignations were brought about by the State Civil Service Commission in connection with the joint legislative committee on classification of positions in civil service, and that the removal of petitioners was necessary in the interest of economy and efficiency.

It was held in *Matter of Shepherd* v. *Greene* (*supra*) that the reclassification proposed by the Legislature did not become a law, and that the mention of the reclassification in the appropriation bills of 1932

and 1933 was simply for the purpose of allocating appropriations and salaries; that the reclassification having failed to become a law, it is not effective for any purpose; and that the incumbents in positions held prior to reclassification have the civil service rights of those positions, except, of course, where there have been proper promotions by examination.

It is provided in the Constitution, article 5, section 6, that promotions in the civil service shall be made according to merit and fitness to be ascertained so far as practicable by examinations. (*Hale* v. *Worstell*, 185 N. Y. 247.)

It is admitted that it does not appear in relation to any of these changes that the Civil Service Commission has determined that it is impractical to hold examinations.

So we have the situation here as to the petitioners and those who it is claimed were illegally retained all being in the competitive civil service of the State and in the same grade, as a result of the same examination, with the petitioners senior in service, either as matter of time or as matter of law. Where several persons are appointed to the same position on the same day, they must be dismissed in the inverse order of their standing on the list, on the theory that although the appointments were made on the same day, those attaining the highest standing on the eligible list were first appointed. (*Matter of Weiher* v. *Greene*, 239 App. Div. 652.)

Where positions are abolished, suspensions shall be made in the inverse order of original appointment in the service. (Civil Service Law, § 31.)

Upon the conceded facts upon the basis of the civil service status of the petitioners and the other employees involved, it is apparent that the rights of the petitioners have been disregarded and a peremptory order of mandamus may issue in behalf of each petitioner, with fifty dollars costs in one case.