WILLIAM A. CRINNIN, Appellant, v. HARRY G. CAMPBELL, Respondent.— Judgment affirmed, with costs. All concur. (The judgment is for defendant in an action to recover commissions for discovery of a dormant bank account.) Present — Sears, P. J., Taylor, Thompson, Crosby and Lewis, JJ.

CLINTON J. CAMPBELL, Appellant, v. THOMAS J. MORRISON, Commissioner of Public Works of the City of Rochester, and Others, Respondents.— Order affirmed, with costs. (See Matter of Skrocki v. Greene, 242 App. Div. 226; Matter of Moss v. Greene, 153 Misc. 461.) All concur. (The order denies motion for peremptory or alternative mandamus in a proceeding for reinstatement.) Present — Sears, P. J., Taylor, Edgcomb, Crosby and Lewis, JJ.

JOHN M. QUEENY, Appellant, v. THE STATE OF NEW YORK, Respondent. (Claim No. 20842.)— Judgment affirmed, with costs. Memorandum. We must consider the facts disclosed by the record in the light of the rule applied in McCaffrey v. State of New York (259 N. Y. 159) and Hannan v. State of New York (264 id. 429). Accordingly we hold that claimant has failed to establish a rate of wages prevailing in the localities where his work was performed and applicable to occupations in the same general category as his own, which was higher than the amount paid him by the State. (Labor Law, § 220, subd. 5, ¶¶ a, b.) All concur. (The judgment dismisses a claim for difference between wages paid claimant and the prevailing rate in locality where he was employed.) Present — Sears, P. J., Taylor, Edgcomb, Crosby and Lewis, JJ. [148 Misc. 617.]

MARGARET ADWIN, as Administratrix, etc., of GEORGE M. ADWIN, Deceased, Appellant, v. THE STATE OF NEW YORK, Respondent. (Claim No. 21011.)— Judgment affirmed, with costs, on the same grounds as those mentioned in the decision in Queeny v. State of New York (ante, p. 761), decided herewith. (The judgment dismisses a claim for difference between wages paid intestate and the prevailing rate in locality where he was employed.) Present — Sears, P. J., Taylor, Edgcomb, Crosby and Lewis, JJ.

IRENE ZAGORSKI, Respondent, v. CITY OF BUFFALO, Appellant.— Judgment and order reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event, on the ground that the finding of the jury to the effect that there was negligence on the part of the defendant is contrary to and against the weight of the evidence. The cap of this water meter box was concededly of proper design and there was no proof of its being defective. We find the case lacking in proof of notice to the city that the top was in a dangerous condition at any time before the accident occurred. All concur. (The judgment awarded damages for personal injuries received on a public street. The order denied a motion for a new trial on the minutes.) Present — Sears, P. J., Taylor, Edgcomb, Crosby and Lewis, JJ.