In the Matter of the Application of JOSEPH P. BRIZZOLARA, Petitioner, against JOHN MCKENZIE, as Commissioner of Docks of the City of New York, and JAMES E. FINEGAN, President, FERDINAND Q. MORTON and PAUL J. KERN, Commissioners, Members of and Constituting the MUNICIPAL CIVIL SERVICE COMMISSION OF THE CITY OF NEW YORK, and FRANK H. TAYLOR, as Comptroller of the City of New York, Defendants.

Supreme Court, Special Term, New York County, December 2, 1937.

*Samuel Robbins,* for the petitioner.

*Paul Windels, Corporation Counsel.* for the defendants.

COLLINS, J.   On May 15, 1934, the petitioner, while occupying the position of messenger, grade 3, at an annual salary of $2,340, was separated from the service by the abolition of his position. His name was placed upon a preferred list for the position of messenger, grade 3.   No claim is made in the petition that the

petitioner's position was not in fact abolished or that the abolition of the position was effected in bad faith and not for the purpose of economy. As an honorably-discharged war veteran, the petitioner was entitled, under the provisions of section 22 of the Civil Service Law, to be transferred to any branch of the service for duty in such position as he might be fitted to fill, but the petition contains no allegation that at the time of the petitioner's separation from the service there existed any position which he was fitted to fill. The only right possessed by the petitioner under the circumstances was that possessed by civil service employees generally in the event of their separation from the service without delinquency on their part, namely, to have their names entered upon a preferred list for the position last held by them or any other position having the same or similar requirements for entrance. (Civil Service Law, § 31.) This right was not denied to the petitioner, for he was concededly placed upon such a preferred list.

On December 20, 1935, petitioner was notified that he had been certified by the municipal civil service commission for appointment to the position of messenger, grade 2, at a salary of $1,800 per annum, but this was unsatisfactory to him, and he replied that he wished not to be considered for appointment as messenger, grade 2. He now alleges that the duties of messengers, grade 1, grade 2 and grade 3 are identical, the grades differing only in regard to the compensation attached to each of them, and he accordingly claims that it was the duty of the municipal civil service commission to offer him a position as messenger, grade 3, rather than grade 2. At the time the petitioner was offered the position of messenger, grade 2, section 31-b of the Civil Service Law, which provides that an employee reinstated from a preferred list shall receive at least the same salary he received at the time of his separation from the service (Laws of 1936, chap. 525), had not yet been enacted, and the petitioner was, therefore, only entitled to be offered any position having the same or similar requirements for entrance (Civil Service Law, § 31), not to also receive the same salary as he had received at the time he had been separated from the service. This the commission offered him when it certified his name for appointment as messenger, grade 2. It could not properly certify his name for the position of messenger, grade 3, except at a salary falling within that grade, and this salary it was not obliged at the time to offer him. No wrong was, therefore, done to the petitioner in failing to certify him for appointment as messenger, grade 3, in the absence of an allegation that a vacancy in the position of messenger, grade 3, existed on December 20, 1935.

On January 24, 1936, according to the petition, one Marco, a grade 3 messenger, duly retired from the service. The commissioner of docks, however, determined that it was unnecessary to fill the vacancy caused by said retirement. In view of the fact that the commissioner had the right to abolish positions in the interests of economy, he had the right for the purposes of economy to refuse to fill positions created by retirement. Moreover, the petitioner, on being informed of the decision of the commissioner, made no protest and acquiesced therein. No facts are alleged to indicate that the failure of the commissioner of docks to fill the vacancy was the result of bad faith on the part of the latter. Even the allegation of paragraph 38 of the petition that there " is " money available in the department to pay for petitioner's services as messenger does not avail the petitioner in so far as the latter's grievance is based upon the failure to fill the position in January, 1936. In fact, paragraph 38 goes on to allege that the funds available to pay for the petitioner's services accrued, amongst other things, from the non-payment since January, 1936, of the salary formerly received by Marco. The court is of the opinion that no wrong was done to the petitioner, as far as the allegations of the petition go, in not appointing him as messenger, grade 3, at or about the time of Marco's retirement, and that, in any event, the petitioner's acquiescence and laches bar him from raising the question at this time.

The petitioner further alleges that on or about May 16, 1937, one Attenesio, an attendant in the department of parks, was transferred to the position of messenger, grade 1, in the department of docks at an annual salary of $1,440. The petitioner contends that, since the duties of messenger, grade 1, are the same as those of messenger, grade 3, the position should have been offered to him as a grade 3 position at the salary formerly received by him at the time of his separation from the service. The reasons previously assigned by this court for rejecting the petitioner's claim that he was entitled, in December, 1935, to be certified for appointment to the position of messenger, grade 3, rather than grade 2, would apply with equal force to the petitioner's present contention were it not for the fact that prior to May 16, 1937, section 31-b of the Civil Service Law had been enacted and gone into effect, by the terms of which an employee reinstated from a preferred list is entitled to recive the same salary as he was receiving at the time of his separation from the service. If the petitioner is entitled to the position of messenger whenever a vacancy in that position exists, regardless of the salary which the department of docks wishes or is able to fix for the vacancy, he is entitled to reinstate-

ment to said position at his former salary. If the petitioner is right in this contention the department of docks could not appoint a messenger while a preferred list existed for messenger, grade 3, unless the position was classified as a grade 3 position receiving a grade 3 salary. If, for example, the funds available for the position of messenger were insufficient to pay a grade 3 salary, the position of messenger could either not be filled at all, even if the services of an additional messenger were necessary, or else could only be filled at a grade 3 salary. Such a right would be inconsistent with the conceded right of the department of docks and all other departments to abolish positions in the interests of economy, and it is difficult to believe that the Legislature intended to provide that no position could be filled in any grade while an outstanding preferred list for a higher grade was in existence. This conclusion is fortified by certain amendments made to section 31 of the Civil Service Law in the same session of the Legislature in which section 31-b, previously referred to, was adopted. Although the first sentence of section 31 provides, as formerly, that the name of a person separated from the service without delinquency on his part should be entered on a preferred list for the position last held by him, or any other position with the same or similar entrance requirements, a new sentence was added by chapter 562 of the Laws of 1936, reading as follows: " It shall be the duty of the State Civil Service Commission or, if the person suspended or demoted shall have been in the service of the city, of the municipal civil service commission of said city forthwith to place the name of said person upon a preferred list for the office, or position, in which he has been employed, or for any corresponding or similar office or position *in the same* class, *grade*, group, or substantially similar or corresponding group as the position he formerly held, and certify from such list the names of persons for reinstatement, in the order of their original appointment, before making certification from any other list, for such position or similar position." (Italics the court's.) The effect *of this amendment* is to entitle the petitioner, as a grade 3 messenger, to certification only to a grade 3 vacancy. The effect of *section 31-b* is to give a person reinstated to a position *of the same grade* as he formerly held the salary previously received by him, even though it may exceed the minimum salary of the grade in question. In other words, a person separated from the service without misconduct or delinquency on his part is entitled by virtue of sections 31 and 31-b of the Civil Service Law to reinstatement to a vacancy occurring in a position of the same grade at the salary formerly received by him even though there may be lower salaries attaching to the same grade. Unless this construction be placed

upon sections 31 and 31-b, the words " in the same class, grade, group or substantially similar or corresponding group as the position he formerly held " become meaningless, and section 31-b must receive an interpretation which would prevent the filling of a grade 1 vacancy during the existence of a preferred list of persons formerly occupying a higher grade. That positions of the same general character and with the same duties, but of different grades, are considered to be wholly different positions, has been held in a number of decisions of our appellate courts. Thus, in *Matter of Smith* v. *Greene* (247 App. Div. 425), it was held that the provision of section 31 of the Civil Service Law authorizing suspensions in the inverse order of original appointment in the service did not permit the suspension of persons occupying grade 5 positions to make way for persons formerly occupying grade 6 positions who had been suspended in the interests of economy. In other words, each grade was complete within itself for the purpose of applying the suspension provisions of section 31. (See, to the same effect, *Matter of Skrocki* v. *Greene*, 242 App Div. 226.) This view that positions of different grades are in legal contemplation different positions, appears to have been in the minds of the legislators when they amended section 31 in 1936, so as to provide that persons separated from the service were to be certified for reinstatement to positions of the same grade.

As the petition fails to allege the existence of a vacancy in the position of messenger, grade 3, or facts sufficient to justify a conclusion that the authorities are in bad faith and for improper purposes refusing to create an additional position in that grade, no case for reinstatement of the petitioner as a grade 3 messenger is made out.

The claim in paragraph 49 of the petition that the petitioner's former duties are being performed by other employees of the department of docks does not avail him, for it is to be expected when positions are abolished in the interests of economy that the duties formerly attaching to the abolished positions will be performed by the remaining employees. The allegation that a person on work relief is one of the six persons alleged to be performing the petitioner's former duties does not aid the petitioner, for section 31-b of the Civil Service Law (Laws of 1936, chap. 386) applies only where the suspended employee's duties are performed either in their entirety or substantially so by a person on work relief, not where such a person is merely one of many discharging the functions previously performed by the suspended employee.

For the reasons indicated the application for reinstatement as messenger, grade 3, and for the payment of back salary, is denied.