GEORGE J. EDDY, Claimant, *v.* THE STATE OF NEW YORK, Defendant.
(Claims Nos. 20889 and 22829.)

Court of Claims, May 25, 1938.

*Fitzgerald & Farner*, for the claimant.

*John J. Bennett, Jr., Attorney-General [John M. Dooley, Assistant Attorney-General*, of counsel], for the defendant.

FRED M. ACKERSON, Official Referee, Acting as Judge. The claimant was a lock operator on the locks of the Barge canal at Lockport, N. Y., known as locks Nos. 34 and 35. He was engaged in that employment from September 16, 1924, to September 15, 1932.

He has filed two claims against the State for additional pay from the State for services he performed as lock operator during the eight years above mentioned.

The first claim, numbered 20889, was filed pursuant to chapter 479 of the Laws of 1929, as amended by chapters 701 and 736 of the Laws of 1930. This claim covers a period of employment from September 15, 1924, to September 15, 1930. For this period of six years the claimant received from the State for his services the sum of $9,962.46.

The second claim, numbered 22829, was filed pursuant to chapter 444 of the Laws of 1932 and covers a period of employment from September 15, 1930, to September 15, 1932. For this period of two years the claimant received from the State the sum of $3,600.

The claimant now contends that he did not receive the prevailing rate of wages paid to laborers, workmen and mechanics in the trade or occupation in which he was employed that was being paid to such laborers, workmen and mechanics in the city of Lockport, N. Y., the locality in which he was employed.

This contention is not based upon the assumption that other lock operators in that locality were paid higher wages than was paid to him by the State. The only lock operators in that locality were five other men employed by the State who received the same wages as the claimant.

The claimant's contention upon which he bases his demand for additional compensation is that the work he performed as lock operator was in all respects similar to the work performed by electricians or electrical mechanics in the city of Lockport and that, therefore, he is entitled to the prevailing rate of wages paid to such electricians or electrical mechanics during the period in question.

The evidence discloses that electricians or electrical mechanics working in the city of Lockport, during the period in question, for electrical contractors, or in factories, or in power houses in the operation of electrical machines were laborers, workmen and mechanics employed continuously for eight hours of each day on what might be properly denominated electrical work.

It is clear from the evidence that the claimant was not so employed.

This identical question was passed upon by this court in its decision in the claims of *Hannan* v. *State* (*Nos. 19314 and 19951*) (unreported), which decision is dated August 10, 1931, and which was filed in the office of the clerk of the Court of Claims on that day.

Mr. Hannan was a lock operator on the Barge canal at Niskayuna, Schenectady county, N. Y., and the lock equipment and plant there were practically the same as the lock equipment and plant in Lockport where the claimant worked. Mr. Hannan was the chief lock operator, while here Mr. Eddy had not as yet been promoted to that position. The duties, however, of both men were practically the same and what we held there necessarily governs us in our disposition of these claims because our decision in the *Hannan* claims was affirmed unanimously in the Appellate Division, Third Department, and in the Court of Appeals.

In order to demonstrate that this case presents the identical questions which were raised and decided in the *Hannan* case I quote the following from a portion of the findings of fact and conclusions of law which made up the decision of the *Hannan* claims, to wit:

" 5. That claimant John J. Hannan was employed by the State of New York between the first day of April, 1923, and the 31st day of August, 1930, for the several periods of time hereinafter set forth as a chief lock operator on Lock No. 7, Erie Canal.

" 6. That the locality where claimant was so employed by the State of New York between the dates above mentioned was the town of Niskayuna, situated in Schenectady County, New York.

" 9. That the claimant was first employed by the State of New York on said Lock No. 7 in April 1917 and has been continuously employed there down to and including the date of the trial of this claim with the exception of short periods of lay-off during the non-navigation season on the Erie Canal; that in 1916 claimant was employed by the State of New York on Lock No. 16.

" 10. That at Lock No. 7, Erie Canal, the State maintains and has maintained during all the period of time hereinabove stated

a power-house where it has generated electrical power for the operation of the lock and for other purposes.

"11. That at Lock No. 7 the State of New York maintains and has maintained during all the period of time hereinabove set forth a dam across the Erie Canal, commonly known as the Visscher's Ferry Dam, the water from which passes through two 500 kilowatt 230 volt, direct current water turbine generators for the generation of electrical current.

"12. That in addition to the generators above described there is a large amount of valuable and intricate electric machinery and apparatus essential to the operation of the said power-house and of the said lock which machinery and apparatus consists among other items of the following:

"13 motors ranging from 3 H. P. to 20 H. P; 2 governors; a pressure system of tanks and piping to operate said governors; master switches; limit switches; controller panels; rheostats; switchboard panels; all gearing required to operate the machinery; an electric wiring system connecting the generators and the switchboard in the power-house to all the different mechanisms operated by electricity; a circuit of wiring connected to all the lights on the lock walls, approach walls and the lights in the shop and in the power-house and the signals for navigation at both ends of the locks, and other light signals used in the operation of the lock machinery; also two electric winches and controller panels and rheostats connected therewith.

"13. That during the period covered by the two above numbered claims the claimant, John J. Hannan, operated the lock for the passage of boats during the navigation season; operated the machinery and repaired and overhauled the electrical and mechanical machinery required to operate the lock when necessary and has when required completely dissembled and reassembled the generators, pressure pumps and tank, the switchboard and governors and water wheels connected with the generators and has frequently inspected, repaired and adjusted all parts of said generators and water wheels and also the pumps, switchboards, piping and lubricating system; has frequently cleaned and tested the generators, adjusted the brushes and commutators, fitted the brushes to the commutator, examined the connections for tightness, and the anchorage for machine solidity, and has examined the wiring connecting different parts of the generators, the lubrication and the bearings; has attended to the constant lubrication of the different bearings on the generators, has cleaned the reservoirs frequently and provided new oil, has adjusted the hydraulic turbine runners,

has tested the generator by both volt meter and bar to bar method and has otherwise attended to the proper functioning and operation of the electrical and mechanical apparatus installed in and used in the operation of the said power-house and lock.

" 14. That during the course of the employment by the State of New York of said claimant, John J. Hannan, as chief lock operator the State of New York employed two other persons in addition to claimant which persons were known as lock operators; that claimant and the two lock operators each had hours or tricks of duty of eight hours each day; that the duties of the claimant and each of the said lock operators and the work performed by all of them was in all respects similar with the exception that claimant, John J. Hannan, had certain clerical work to do in the nature of making reports and that he was the immediate superior of the two lock operators and received a higher rate of compensation than the two lock operators.

" 15. That the work of chief lock operator at Lock No. 7 was at all times hereinabove stated practically the same work as that of lock operator at said lock.

" 17. That prior to being employed by the State of New York which employment began in the spring of the year 1916 claimant, John J. Hannan, had worked as an electrician, wireman, lineman, electric station operator; had been in business in the city of Albany, New York for approximately three years as an electrician wiring houses; had been a member of the International Brotherhood of Electrical Workers holding a Union Card as a Journeyman Wireman, which Union Membership claimant held after he entered into the employment of the State of New York and until approximately three years prior to the date of trial of this claim.

" 30. That between April 1, 1923, and August 29, 1930, the State of New York was the only employer of laborers, workmen and mechanics in the town of Niskayuna, Schenectady County, New York, engaged in the trade or occupation of Chief Lock Operator and that there was no prevailing rate of wages in the said trade or occupation in the said locality within the State of New York other than the rate of wages paid by the State of New York.

" 31. That claimant, John J. Hannan, has been fully paid for his services as Chief Lock Operator rendered to the State of New York."

Our first and second conclusions of law in that decision were as follows:

" 1. That the claimant, John J. Hannan, having failed to establish any prevailing rate of wages for the trade or occupation in which he was employed by the State of New York in the locality

where claimant was so employed other or different than the rate of wages paid to claimant by the State of New York, Claims Nos. 19314 and 19951 must be dismissed respectively upon the merits.

"2. That the definitions of 'prevailing rate of wage' and of 'locality' as set forth in the Laws of 1927, Chapter 563, Section 1, being known as Labor Law, Article 8, Section 220, subdivision 5, paragraphs a, and b, are to be applied in construing Chapter 479 of the Laws of 1929 and Chapters 701 and 736 of the Laws of 1930 and in rendering decisions thereunder."

In the *Hannan* claims the claimant submitted to the court requests to find. His third request to find was as follows:

"3. That the occupation of John J. Hannan is that of electrician, assigned to Lock No. 7 on the Improved Erie Canal."

The court refused to find that request and thereby held that the occupation of lock operator was not that of an electrician.

All through this trial the claimant and his witnesses contended that his occupation was that of electrician. We have held squarely otherwise in the *Hannan* case which ruling must govern our action here.

That refusal to find claimant's request No. 3 was duly excepted to in the exceptions to findings submitted by Mr. Hannan's attorney on appeal and was squarely presented to the appellate courts.

In the *Hannan* case the State of New York submitted requests to find. Among others the following were submitted which the court found as follows:

"FINDINGS OF FACT.

"5. That the claimant was employed by the State of New York as Chief Lock Operator on Lock No. 7, Improved Erie Canal, from April 1, 1923, to September 16, 1930.

"6. That the classification of Chief Lock Operator is a special and distinct class of employment, differing from any other class of trade or occupation.

"7. That the State of New York, as the only employer of Chief Lock Operators establishes and fixes the prevailing rate of wage for said Chief Lock Operators.

"8. That during the period of these claims the claimant worked eight hours per day and seven days a week.

"9. That the claimant has failed to establish a different rate of wage for Chief Lock Operators other than that paid by the State of New York.

"10. That the claimant has been fully paid for services performed as Chief Lock Operator during the period for which these claims are, filed.

## " Conclusions of Law.

" 1. Chief Lock Operator is a separate and distinct classification of work, trade and occupation; that the claimant has been paid the prevailing rate of wage for such classification and further that the claimant is not entitled to an award against the State of New York by reason of the facts herein found; that the claims of the claimant herein should be dismissed."

The decision of this court in the *Hannan* claims possibly might not be considered of such great importance if those claims had not been so thoroughly litigated and considered on appeal.

The claimant appealed from our decision dismissing his claims to the Appellate Division of the Supreme Court, Third Department.

On May 5, 1933, that court handed down a decision unanimously affirming the judgment of the Court of Claims therein (239 App. Div. 859). Thereafter the claimant being dissatisfied with this decision applied to the said Appellate Division for permission to appeal to the Court of Appeals. On May 20, 1933, the said Appellate Division granted claimant's motion to that effect and certified that in its opinion a question of law was involved in that case which ought to be reviewed by the Court of Appeals (239 App. Div. 872).

Thereupon the matter was duly appealed to the court of last resort.

Claimant's cause was argued in the Court of Appeals by able and distinguished counsel and on February 27, 1934, that court rendered its decision unanimously affirming the judgment of the Appellate Division therein (*Hannan* v. *State*, 264 N. Y. 429).

It appears, therefore, that the question of whether or not the occupation of a lock operator is the same as that of an electrician has been squarely presented to the Court of Appeals and has there been determined contrary to claimant's contention.

In this connection we may point out that this holding of the Court of Appeals is in conformity with what that court held in the case of *McCaffrey* v. *State* (259 N. Y. 159).

There the claimant McCaffrey was employed as a lock laborer in the State service. He demanded additional compensation because he claimed that he was entitled to the prevailing rate of wages paid by contractors to " common laborers " in the same locality which was fifty cents per hour and he had received less than that. The Court of Appeals in refusing his demand used this language, to wit: " A common laborer, employed by a contractor, is one who is employed to perform heavy unskilled work such as enters into road and building construction. It is casual work done

by the hour and calling for constant muscular effort. Here the claimant was employed, not by the hour, but for long periods each year to assist in tending a lock. His work called for no constant muscular effort."

So here the claimant Eddy was employed for long and indefinite periods of time. He is not entitled to the pay of an electrician in the locality in which he worked, even if he had established the prevailing rate of wages paid to electricians in that locality, because he was not constantly engaged in electrical work. All the evidence in the case tends to show that the electrical work which he performed was occasional, intermittent and incidental to his job of operating the locks and assisting boatmen to pass their vessels through the locks.

It appears from the evidence that from April fifteenth to December fifteenth in each year, claimant's eight hours of each day were set apart for operating the locks. That of this eight hours he spent only from thirty to seventy-five minutes in actually operating the locks. The balance of the eight hours he had nothing to do unless there was some adjusting, oiling or greasing to attend to which it does not appear took any considerable amount of time.

This claimant, therefore, did not have constant work of any kind much less constant electrical work such as was performed by electricians in the city of Lockport.

The claimant, therefore, has not established that his occupation during the time in question was that of an electrician or electrical mechanic nor has he established the prevailing rate of wages paid to electricians or electrical mechanics in the city of Lockport.

The claimant's occupation during the time in question was that of lock operator only, and he has received the prevailing rate of wages paid to lock operators in the locality in which he worked.

The claims herein, therefore, must be dismissed upon the merits and findings may be prepared and submitted to the court in accordance with the determination of the court as set forth in this opinion.

RYAN, J., concurs.