control of the Parole Board until the expiration of his maximum term. (*People ex rel. Atkins* v. *Jennings*, 248 N. Y. 46; *People ex rel. Cecere* v. *Jennings*, 250 id. 239; *People ex rel. Ross* v. *Wilson*, 275 id. 169.) All concur. (The order denies petitioner's application for an order directing the Prison Board to credit petitioner with compensation and commutation earned, and certify same to the Governor.) Present — Crosby, Lewis, Cunningham, Taylor and Dowling, JJ.

GEORGE J. EDDY, Appellant, v. THE STATE OF NEW YORK, Respondent. (Claim No. 20889.) — Judgment affirmed, with costs, upon the authority of *Hannan* v. *State of New York* (239 App. Div. 859; affd., 264 N. Y. 429). All concur. (The judgment dismisses a claim for balance due for wages.) Present — Crosby, Lewis, Cunningham, Taylor and Dowling, JJ. [167 Misc. 775.]

GEORGE J. EDDY, Appellant, v. THE STATE OF NEW YORK, Respondent. (Claim No. 22829.) — Same decision and like cause of action as in companion case last above. Present — Crosby, Lewis, Cunningham, Taylor and Dowling, JJ. [167 Misc. 775.]

In the Matter of the Application of JOSEPH BRUNO, Appellant, against THE CITY COUNCIL OF THE CITY OF NIAGARA FALLS, Respondent.— Order affirmed, with costs. Memorandum: The ordinance of the city council is presumed to be valid. (*Town of Islip* v. *Summers C. & L. Co.*, 257 N. Y. 167; *Bond* v. *Cooke*, 237 App. Div. 229.) The action of the city council is presumptively correct. (*Matter of Falvo*, 222 App. Div. 289, 291.) The action of the legislative body will be annulled only when exceptional circumstances are shown. (*Matter of Young Women's Hebrew Assn.* v. *Board of Standards and Appeals*, 266 N. Y. 270; *People ex rel. Sullivan* v. *McLaughlin*, Id. 519; *Matter of Ward*, 247 App. Div. 808.) The petitioner must show that the action of the city council causes him unnecessary hardships. (*Matter of Dempsey*, 241 App. Div. 64.) The ordinance of the city council regulating the erection of gasoline stations is not before the court, nor is the application made by petitioner to the city council contained in the record. The ordinance of the city council denying the application of petitioner has not been presented to the court. It may well be that the application of petitioner was denied because the application was not in the form prescribed by the ordinance or did not contain the necessary facts required by the ordinance to be set forth in such an application. The petitioner has failed to show that the action of the city council was arbitrary or unjust. (*Matter of Larkin Co., Inc.*, v. *Schwab*, 242 N. Y. 330.) All concur. (The order dismisses a petition in a proceeding to compel defendant to issue a permit for the erection of a gasoline station.) Present — Crosby, Lewis, Cunningham, Taylor and Dowling, JJ.

MOLLIE BICKEL, as Administratrix, etc., of HOMER BICKEL, Deceased, Appellant, v. LLOYD WELLS and WILLIAM CROWELL, Respondents.— Judgment and order as to defendant Crowell affirmed, without costs of this appeal to either party. Judgment and order as to defendant Wells reversed on the facts as against the weight of evidence and a new trial granted, as to said defendant, with costs to the appellant to abide the event. All concur, except Taylor, J., who dissents as to the reversal of the judgment and order as to defendant Wells and votes for affirmance as to him on the ground that a question of fact was presented for the jury and the determination of the jury was not against the weight of the evidence. (The judgments are for the defendants in an automobile negligence action.) Present — Crosby, Lewis, Cunningham, Taylor and Dowling, JJ.