In the Matter of the Application of AGNES L. EAGAN, Appellant, for an Order Pursuant to Article 78 of the Civil Practice Act, against PAUL LIVOTI, as Clerk of the County of Queens, and JOSEPH D. MCGOLDRICK, as Comptroller of the City of New York, Respondents.— Appeal from an order denying petitioner's application for an order directing her reinstatement to her position as general clerk, grade 4, in the office of the clerk of the county of Queens, on the ground that she was wrongfully suspended therefrom on December 31, 1939, in violation of her senority rights under section 31 of the Civil Service Law of the State of New York. Order reversed on the law, with fifty dollars costs and disbursements, and motion granted, without costs. Lazansky, P. J., Hagarty and Johnston, JJ., concur, with the following memorandum: After a competitive examination petitioner was appointed on May 17, 1926, in the classified civil service as a graphotype operator in the Motor Vehicle Bureau of the State. Following a promotion examination she was appointed as a file clerk in the same Bureau on June 28, 1928. She continued in that place until October 1, 1929, when she was transferred to the position of messenger and clerk, grade 3, in the office of the clerk of the county of Queens. The title of her position was thereafter changed to general clerk, grade 4. Serving as clerks in the same grade were two others who came into their present positions, one on August 16, 1927, and the other on May 19, 1928. The three have been in the same service, viz., " State service," from the time of their respective appointments until April 9, 1938 (Civil Service Law, § 2; Laws of 1909, chap. 15). After April 9, 1938, by virtue of chapter 603 of the Laws of 1938, they continued in the same service, viz., " civil division," until petitioner was discharged. It is not disputed that petitioner has been in the same grade as the other two since June 28, 1928. Pursuant to a resolution of the board of estimate of the city af New York, a number of places in the office of the county clerk, including that of petitioner, were abolished. Petitioner was thereupon dismissed on December 31, 1939. The other two were retained. She claims in this proceeding that, pursuant to the provisions of section 31 of the Civil Service Law, she should have been retained and one of the others dismissed. Although petitioner's service began in a lower grade, the beginning of that service is the time of her " original appointment in the service." (Civil Service Law, § 31; *Matter of Schaefer* v. *Rathmann*, 237 App. Div. 491.) The language is simple and means just what it states as to appointments. To the extent that *Matter of Skrocki* v. *Greene* (242 App. Div. 226) may be deemed to be to the contrary, we are not in accord. As petitioner's original appointment antedated that of the other two, the abolishment of her place and her dismissal were illegal. Taylor and Close, JJ., dissent and vote to affirm the order, with the following memorandum: The question here involved, as we see it, is whether the principle stated in *Matter of Skrocki* v. *Greene* (242 App. Div. 226, 228), viz., that " Under the civil service rule governing suspension of employees, each grade is a separate entity and seniority is considered among the employees in that grade only " is sound law or not. We believe that it correctly states the principle that should be applied to the facts in this case. That this court has heretofore agreed with such reasoning is illustrated by *Matter of Glisman* v. *Moses* (255 App. Div. 1020) and *Matter of Cummings* v. *Ingersoll* (258 id. 741). It has been likewise accepted in *Matter of Smith* v. *Greene* (247 App. Div. 425); *Matter of Brizzolara* v. *McKenzie* (166 Misc. 282) and *Matter of Moss* v. *Greene* (153 id. 461). The test by which continuity of service is to be determined has been defined as follows: " The test of continuity

of service must depend upon the answer to the question whether the service in different positions may be deemed to be of the same general nature and character." (*Matter of Mullane* v. *McKenzie*, 271 N. Y. 172, 175.) There is nothing in this record from which it may be found that the petitioner's service as graphotype operator was of the " same general nature and character " as general clerk, grade 4, the position she occupied when suspended. The conclusion we have reached appears to be in harmony with the provisions of section 31 of the Civil Service Law requiring that persons separated from the service are to be certified for reinstatement to the same grade or substantially similar or corresponding group as the position formerly held, and are to be certified for reinstatement in the order of their original appointment. It follows that the legislative intent was that the words " *original appointment* " do not mean an original appointment to the service in a subordinate grade or position but the original appointment to the grade he held when separated from the service or to a substantially similar position.